Jackson *vs.* Stanford.

No. 3.—W. E. & G. T. Jackson, plaintiffs in error, *vs.* John R. Stanford, defendant.

[1.] A third person, who is not a party to the record, will not be permitted to make objections to the foreclosure of a mortgage, under our Statute.

[2.] The fact that a deed purports to be made by two persons, and one only executes it, does not make the instrument void *per se.*

[3.] If real property is conveyed to and held by a firm, the members of the firm are tenants in common, and either party can convey his undivided interest in the subject.

Motion, in Habersham Superior Court. Decided by Judge Jackson, April Term, 1856.

For the facts in this case, see the judgment of the Court.

Akerman, for plaintiffs in error.

Cobb & Hull, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

William E. & George T. Jackson, partners, under the name of W. E. & G. T. Jackson, applied, in the Superior Court of Habersham County, for the foreclosure of a mortgage on lot No. 150, in the 10th district of that county. The mortgage purported to have been given by Elingo H. Ramsey and Seth S. Ramsey, but was, in fact, executed by Seth S. Ramsey only. The mortgagor made no objection to the proceeding. John R. Stanford appeared in Court and objected to the rule being made absolute, upon the ground that he had purchased the property at Sheriff's sale; and he produced a deed to that effect.

Counsel for the mortgagees objected to Col. Stanford's being heard in the cause; but the Court over-ruled the objection and permitted him to be made a party and file his objections. To which decision Mr. Akerman, in behalf of the Messrs. Jacksons, excepted.

Col. Stanford, for himself, then insisted that the mortgage was void, inasmuch as it purported to be made by both of the Ramseys, and was executed by one of them only. And the Court, sustaining this objection, pronounced the instrument a nullity, and refused the rule absolute on that ground. And plaintiffs again, by their Counsel, excepted.

[1.] It is true that the case of *McDougald against Hall,* (3 *Kelly,* 174,) does not exactly decide this point; and yet, we think it substantially covers it. There, as here, an application was made to foreclose a mortgage on land. There as here, the rule *nisi* was granted and duly served on the mortgagor. And there, McDougald resisted the proceeding as Stanford does here, alleging his objections, in writing, that he was the owner of a part of the land. There were several other objections, says the report of the case, made by McDougald, which would have been good pleas if they had been interposed by the mortgagor.

But the Circuit Court over-ruled the objections, "deciding that McDougald was a stranger to the suit, not being a party thereto, and that he had no right to interfere, to prevent the rule absolute." And the judgment was affirmed by this Court. And Judge WARNER, in writing out the opinion, says: "If McDougald has such rights and interests in the mortgaged property as is suggested by Counsel, we do not see in what manner they are to be prejudiced by the foreclosure of the mortgage as between other parties. When the judgment of foreclosure had between the parties to the record in this case shall be made to operate on his interests, he will have ample opportunity to assert them. The judgment of foreclosure between the mortgagor and mortgagees, will not foreclose any rights which McDougald may have to the mortgaged property, unless he claims title under the mortgagors."

And so we say to Col. Stanford in this case. This is a statutory remedy; a proceeding at Law; and to it no other parties are known in serving the requisite notice or for any other purpose, but the mortgagor and mortgagees. And we can readily see how this premature and unauthorized inter-

Jackson *vs.* Stanford.

ference by third persons, whose rights are not before the Court, would embarrass the proceeding. Sufficient unto the day is the evil thereof. When the mortgage execution is sought to be enforced against the land, Col. Stanford may interpose his claim, provided he can do so. And then, and not before, should he be heard. Should his claim prove frivolous and intended for delay only, the plaintiffs will be entitled to be remunerated in damages, which they cannot be under this novel procedure that is attempted to be engrafted upon the practice of the Courts.

It is said in argument, that unless third persons are allowed to come in and interplead in this way, they may lose an advantage of which they could not, perhaps, avail themselves at a future stage of the proceeding. All we have to say is, that the mortgagee gains no right which does not legitimately belong to him, and the volunteer loses none which does.

[2.] But why is this not a good deed, as against the party that executed it? Conceding that the two Ramseys were jointly interested in this land, cannot either of them create a lien to the extent of the title or interest he holds? Partners may convey their undivided interest in real estate. The members of the firm are tenants in common as to the real property owned by the firm; and any one of them can convey his undivided interest in the premises. *Anderson vs. Tompkins,* (1 *Brock. Cir. R.* 456, 463.)

[3.] That the form of this instrument may be suggestive of the fact that it never was finally executed, and might be relied on as evidence to support a plea, by the proper party, to that effect, I can readily understand; but that it should render the deed absolutely void, cannot be maintained. Had the grantor, instead of signing his own name, have sealed and affixed the firm name to the deed; still, it would have conveyed his individual interest, whatever that might be.