## Sutlive vs. Jones et al.

1. Where there are undivided joint ownership and use of lands, and a joint enjoyment of the profits thereof, the owners are partners, and the lands are partnership property.     This, however, does not interfere with the rule that the members of the firm are tenants in common, and that each member, for a debt of the partnership, can incumber his individeul interest.

2. Without previous authority from his copartner, or subsequent ratification by him, one member of the firm cannot bind, by mortgage, the interest of another member, in partnership lands, though the mortgage be made in the partnership name, and to a creditor of the partnership, to secure a pre-existing debt of the firm, contracted within the scope of the partnership business.

3. While a mortgage on lands cannot be foreclosed as to the interest of any person who did not execute, assent to, or ratify the mortgage, it may be foreclosed as to the interest of the person who executed the mortgage, though in executing it he used a partnership name, reciting that he was a member of the firm.     He cannot deny that he had an interest in the premises at the date of the mortgage.

Partnership.     Mortgage.     Before Juge WRIGHT.     Calhoun Superior Court.     September Term, 1877.

On January 25th, 1867, John T. Henderson and Robert

J. Henderson conveyed to " Pleasant B. Jones and John F. Jones" certain lands situated in the counties of Calhoun and Early, known as the Fairfield plantation.   They conducted farming operations on this place under the firm name of  P.  B.  &  J.  F. Jones, on joint account.   P. B. Jones especially  looked  after the  planting, purchased supplies, etc.    Both repeatedly recognized the plantation as partnership property.    In the course of this business the firm became  indebted  to  Sutlive & Holland in the sum of $2,009.38, and on  March 7th, 1872, P. B. Jones executed a note and mortgage in the firm name for this amount.   The mortgage covered the lands  above referred to.    Cotton belonging to the firm was turned over to Sutlive & Holland, out of the crop of 1872, to be credited on the note, the net proceeds of which was about $1,000.00.   John F. Jones was not  present at the making of the note and mortgage, nor did he then consent to it.

The note not being paid at maturity, and Holland having died, Sutlive, as surviving  partner, instituted  proceedings to foreclose against the firm.    Pending suit P. B. Jones died, and his administrator, Joel W. Perry, was made a party in his stead.

As cause why a foreclosure should not be had, John F. Jones pleaded no partnership, that if his name was subscribed to the mortgage, it was without his knowledge or consent, and that P. B. Jones had no interest in the lands at the date of its execution.

Perry, administrator, made no defense.

Upon the trial of the issue thus formed, the above stated facts were developed.   There was no testimony to show that John F. Jones had ever ratified the execution of the mortgage, except the circumstances of the case, such as his knowledge of an indebtedness, his complaints that P. B. Jones was not paying it with sufficient rapidity, and conversations with Sutlive in which the latter probably mentioned the fact of the mortgage to him, though he, Sutlive, was unable to testify positively that he did.

The court charged the jury, amongst other things, that if the evidence satisfied them that the land mortgaged was the partnership property of P. B. & J. F. Jones, and the debt was contracted by either, or both, of the partners for the benefit of the firm, then P. B. Jones had authority to use the firm name in executing a mortgage to secure that indebtedness.   That if the land belonged to P. B. Jones and J. F. Jones as tenants in common, a mortgage executed by the former in the firm name, to secure a firm debt, would be valid, if J. F. Jones knew of its execution and failed to notify the mortgagees of his dissent within a reasonable time. That if J. F. Jones was not informed of the mortgage, it would not be binding upon him unless, by his representations, plaintiffs were led to believe that it was partnership property.   That the mortgage would be valid against P. B. Jones if he executed it, and he could not come into court and dispute his title to the property.

The jury found for the defendants.   The plaintiff moved for a new trial upon the following, among other grounds :

1. Because the verdict was contrary to law and to evi·dence.

2. Because the jury found in favor of both defendants, whilst the law and evidence absolutely required a verdict against Perry, administrator.

3. Because the verdict was contrary to the charge of the court.

The motion was overruled, and the plaintiff excepted.

A. Hood ; R. E. Kennon ; J. J. Beck ; R. H. Powell, for plaintiff in error, cited Code, §§1901, 1904, 1954 ; 16 *Ga.*, 424, 430, 431 ; 4 *Ib.*, 325 ; 31 *Ib.*, 403 ; 15 *Ib.*, 200 ; 23 *Ib.*, 170 ; 31 *Ib.*, 403 ; Lindley on Part., 125, 229, 230, 456.

Herbert Fielder, for defendants.

BLECKLEY, Justice.

1. Section 1887 of the Code is in these words : "A partnership may be created either by written or parol contract, or it may arise from a joint ownership, use and enjoyment of the profits of undivided property, real or personal." This seems to contemplate that lands may be partnership property, but not, we presume, in a more strict sense than they were held to be in this state prior to the adoption of the Code. 19 *Ga.*, 14. At all events, there is no reason for thinking that the Code interferes with the rule that the members of a firm are tenants in common in the partnership realty, and that each member can, for a debt of the partnership, incumber his own interest. 19 *Ga.*, 14, 591. Applying the rule to the present case, the mortgage is effective as to the interest of P. B. Jones, the partner who actually executed it.

2. Was it so as to the interest of John F. Jones, his co-partner? The authorities, we think, answer in the negative, unles he authorized the execution of the mortgage, or subsequently ratified it. 1 Brock., 456 ; 1 Metc., 518 ; 15 John., 159 ; 3 McL., 27 ; Coll. on Part., §394.

3. The result is, that if John F. Jones did not assent to or ratify the mortgage (and such seems to be the weight of the evidence in the record) it cannot be foreclosed against his interest in the premises ; but it may be foreclosed against the interest of P. B. Jones, though in executing the instrument he used the partnership name, not acting in his own name further than by reciting that he was a member of the firm. He cannot deny that he had, at the date of the mortgage, an interest in the premises. 36 *Ga.*, 499 ; 46 *Ib.*, 133 ; 58 *Ib.*, 178. The jury having found for the defendants' generally, when they should certainly have found against the administrator of P. B. Jones, a new trial should have been granted.

Judgment reversed.