BAKER, surviving partner, *vs.* MIDDLEBROOKS.

| | |
|---|---|
| 81 | 491 |
| 93 | 155 |
| 81 | 491 |
| 110 | 113 |
| 110 | 739 |
| 113 | 1026 |
| 81 | 491 |
| 120 | 949 |
| 81 | 491 |
| 125 | 668 |

1. Land conveyed to a firm but never used in the partnership business, cannot as a whole be recovered in ejectment by the surviving partner, the partnership having been dissolved before the death of his

copartner. The most the survivor can recover is his due share as a tenant in common. He cannot administer the land either as assets of the firm, or as the property of his deceased cotenant. The share of the latter descends to his heirs at law, though subject it may be to the debts of the partnership.

2. It is no cause for dismissing a motion for a new trial, that one of the grounds set forth was the refusal to order a nonsuit.

December 12, 1888.

Partnership. Tenants in common. Practice in superior court. Before Judge FAIN. Bartow superior court. January adjourned term, 1888.

On June 22, 1886, Thomas H. Baker, as surviving partner of the firm of J. D. Head & Co., brought his action of ejectment for a certain tract of land against Huldah Middlbrooks. On the trial, he introduced a deed to the premises in dispute made by A. M. Middlebrooks to J. D. Head & Co., their heirs and assigns, dated February 1, 1875, being a warranty deed, accompanied by the written consent of Martha Middlebrooks, containing a waiver of homestead.

The plaintiff testified: Defendant is in possession of the property sued for. I am the surviving member of the firm of J. D. Head & Co. Head died insolvent, and his estate has no representative. He left adult children, some of whom are now alive. The firm was dissolved in June, 1876, and Head died in January or February, 1878. The firm was in debt when it dissolved. I have had the debts to pay out of my own pocket. It is necessary for me to collect its assets in order to pay its debts. The firm did nothing but a dry goods business. A. M. Middlebrooks was in possession of the premises sued for at the date of the deed, and was so for some time prior to and after the making of the deed. Defendant is the wife of said Middlebrooks, and was living with him on the premises at the date of the deed, and just

remained on in possession afterwards and after Middle-brooks left.

The defendant introduced no testimony. The jury found for the plaintiff generally. The defendant moved for a new trial on the following grounds :

(1)–(2) The verdict is contrary to law and evidence.

(3) Error in refusing to nonsuit plaintiff, as moved by defendant, on the ground that neither Head nor his representatives nor heirs was joined in the action; and that the suit could not be brought in the name of Baker as surviving partner.

At the hearing of the motion, plaintiff moved to dismiss it on the ground that defendant's remedy to correct the errors complained of, to wit, the refusal of the court to award a nonsuit, was by bill of exceptions and not by motion for a new trial. The motion to dismiss was overruled, and the motion for a new trial was sustained; and the plaintiff excepted.

BAKER & HEYWARD, for plaintiff, cited: Code, §§3015, 3366; 53 *Ga.* 685; 72 *Ga.* 189; 68 *Ga.* 453, 738; Code, §§1907, 3014, 221; 73 *Ga.* 209; 31 Conn. 145.

MILNER, AKIN & HARRIS, for defendant, cited: Code, §1907; 14 Fla. 565; 26 Mich. 1; 65 *Ga.* 71; 1 M. & K. 649; 12 Leigh, 264; 3 Sand. 595; 7 Heisk. 506; 2 N. W. Rep. (N. S.) 497; 2 Lindley on Part. star p. 654; 49 Miss. 758; 52 *Ib.* 713; 3 McLean, 27; 21 Ala. 437; 39 Mich. 133; 13 Ind. 195; 3 Barb. Ch. 165; 56 Ala. 500; 1 Brock. 456; 4 La. Ann. 56; 2 Nev. 234; 1 Dev. Eq. 103; 6 Gray, 329; 16 B. Mon. 631; 4 *Ib.* 488, 15 Johns. 159; 6 Wall. 316; 19 Me. 19; 3 Ore. 269; 17 Ala. 145; 23 Ala. 625; 60 *Ga.* 129.

BLECKLEY, Chief Justice.

The facts are stated in the official report.

1. The verdict being general, the question is whether

it was warranted by law and the evidence. In this State a tenant in common can recover in ejectment only his own interest in the premises. *Sanford vs. Sanford,* 58 *Ga.* 259. As to realty, partners are tenants in common, and each can convey or incumber no more than his own share. This is the general rule. *Jackson vs. Stanford,* 19 *Ga.* 14; *Healey vs. Scofield,* 60 *Ga.* 452; *Sutlive vs. Jones,* 61 *Ga.* 676; *Harris vs. Visscher,* 57 *Ga.* 229; *Printup vs. Turner,* 65 *Ga.* 71. Perhaps as to land in actual use by the firm in its business, there may be a sort of title in the partnership distinct from ownership as tenants in common. This would seem to be so if *Willis vs. Henderson,* 43 *Ga.* 325, was well decided. The code, §1887, gives some countenance to this theory. Here, however, the land in question was not so used. Moreover, the partnership ceased to exist some two years before the now deceased member died. In the interval between the dissolution and his death, where was the title if not in the former members as tenants in common. In this State we have no joint tenancy. If a subsisting partnership can hold title to land, surely an extinct one cannot. True the code says (§1907) that "the surviving partner, in case of death, has the right to control the assets of the firm to the exclusion of the legal representatives of the deceased partner, and he is primarily liable to the creditors of the firm for their debts." Let it be conceded that this provision would apply to death after dissolution as well as before, and even let it include realty as well as personalty, yet we think it would not embrace realty which had never been used in the partnership business. As to it we think the general law of descent would apply, and the share of the decedent would vest in his heirs at law, subject it may be to satisfy partnership creditors in preference to individual creditors. *Piatt vs. Oliver,*

3 McL. 27.   For the surviving partner, or rather the surviving former partner, to administer it, sell and convey it, would be a thing unheard of in the legal history of this State at least.   The realty of a deceased person dying testate is administered by his executor, and of one dying intestate, by his administrator.   It seems to us that a surviving partner cannot convey realty, save his own interest in it, unless he could have done it pending the partnership.   And as a general rule one partner, while all are living, can pass by deed only his interest.   Coles *vs.* Coles, 15 Johns. 159; *Printup vs. Turner, supra.*

As the partnership no longer exists, a recovery in this case could not be for partnership use otherwise than by administering the land for the payment of debts; and hence, for us to hold that the plaintiff could recover the whole land in this action, would be to recognize him as entitled to administer on his deceased copartner's real estate.   What use has he for the possession if he cannot administer?   And without some legal use for it he can have no right to it.   The court did not err in granting a new trial.

2.   Whether the refusal to order a nonsuit be proper matter for a motion for a new trial or not, the insertion of it as one of the grounds was no cause for dismissing the motion as it was not the only ground.   Certainly, that the verdict was contrary to law and evidence was proper matter for such a motion.

Judgment affirmed.