## ALL FLORIDA SAND UNINCORPORATED v. LAWLER CONSTRUCTION COMPANY.

WYATT, Justice. Lawler Construction Company levied upon land belonging to All Florida Sand Unincorporated, under an execution issued upon a judgment secured against Thompson S. Baker, individually. To this levy, All Florida Sand Unincorporated filed a claim affidavit and bond. On the trial, it appeared that All Florida Sand Unincorporated was a partnership and that Thompson S. Baker was a partner thereof. The claim affidavit set out that the property levied upon was not the property of the defendant in fi. fa., but was the property of All Florida Sand Unincorporated. The jury found in favor of the levy and judgment was entered thereon. The claimant filed a motion for new trial, which was duly overruled. The case was then taken to the Court of Appeals by writ of error. The Court of Appeals transferred the case to this court as being a case within the jurisdiction of this court. *Held:*
The single question presented by the bill of exceptions in this case is whether or not the land levied upon as the property of Thompson S. Baker is a part of the "partnership assets" of the partnership All Florida Sand Unincorporated as that term is used in Code § 75-315 and the decisions of this court. Code § 75-315 reads as follows: "The interest of a partner in the partnership assets may be reached by a judgment creditor by process of garnishment served on the firm, and shall not be subject to levy and sale." Therefore, if the land here levied upon is a partnership asset, it is clearly not subject to levy and sale at the instance of a judgment creditor. The opinions of this court have set up certain definite requirements which must be present before real property will be declared to be a part of the partnership assets. These requirements are set out in *Ferris* v. *Van Ingen & Co.,* 110 *Ga.* 102 (35 S. E. 347), as follows: "While it is the general rule that real estate owned by partners is held by them as tenants in common, yet when they purchase it in the firm name for the purpose of carrying on the partnership business and actually use it for that purpose, then it is partnership assets." See also *Taylor* v. *McLaughlin,* 120 *Ga.* 703 (48 S. E. 203); *Baker* v. *Middlebrooks,* 81 *Ga.* 491 (8 S. E. 320). In this case, the only evidence presented was a deposition by Thompson S. Baker, the pertinent part of which is as follows: "Mr. Baker also testified that on October 14, 1946, the partnership purchased some land in Crawford County, Georgia, from L. L. Minor with funds of the partnership; that this land had been continuously owned by the partnership, and was partnership property." This evidence is not sufficient to prove that the real property levied upon was a part of the partnership assets as that term is used in the Code section and the decisions of this court above cited. There is no evidence that the subject property was purchased for the purpose of carrying on partnership business, that it was actually used for that purpose, or that the partnership purchased said property in the partnership name. It is essential that these elements be established, or else the common-law rule that the interest of a partner in the partnership is subject to levy and sale will apply. Since these elements have not been established in this case, the judg-

ment of the court below denying a new trial was not error for any reason assigned.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18140. SUBMITTED MARCH 9, 1953—DECIDED APRIL 13, 1953.

Scott R. Williams, for plaintiff in error.

Geo. B. Culpepper III, contra.