18684. REEVES *et al. v.* MANN *et al.*

WYATT, Presiding Justice. Robert Reeves, Jr., and Edward Walker filed this petition in equity against Mr. and Mrs. Elmo Thrash Mann, Sr., and Greenville Banking Company. The bank was stricken as a party by the plaintiff. The petition is lengthy, but in the view we take of the case, it is not necessary to set forth all of the allegations of this long petition. Suffice it to say that the relief sought was entirely equitable, the prayers being for discovery, a receiver, and injunctive relief. The trial judge sustained an oral motion in the nature of a general demurrer and dismissed the petition. The exception here is to that judgment. *Held:*

The petitioners alleged that they had a judgment on which execution had been issued against Mr. Elmo Thrash Mann, Sr. The purpose of this suit was to subject through a receivership and injunction certain

property and funds to this execution. One paragraph in the petition contains the following allegations: "Defendants Mr. and Mrs. Mann maintain a checking account at the Greenville Banking Company. This account is maintained in the name of defendant Mrs. Mann but defendant Mr. Mann retains control over said checking account and retains the right to draw checks on said account." In *First National Bank of Thomasville* v. *Sanders*, 31 *Ga. App.* 789 (122 S. E. 341), Jenkins, P. J., writing for the court said: "Where a husband deposited in a bank a sum of money belonging to himself in the name of his wife but with the understanding that all or any part thereof might be withdrawn either by himself or by the wife but by no one else, thus reserving to himself a free right of withdrawal, but giving to the wife the same right, the effect was to make a joint deposit with the conditions stated attached thereto." See also *Clark* v. *Bridges*, 163 *Ga.* 542 (136 S. E. 444). In *Smith* v. *Gormley*, 47 *Ga. App.* 823 (171 S. E. 735), it was held that the funds deposited in a bank under the circumstances alleged in the petition were partnership funds. Code § 75-315 provides that the interest of a partner in partnership assets may be reached by process of garnishment. The petitioner in the instant case makes no allegation with reference to the amount of money thus deposited in the bank. Construing the petition most strongly against the petitioner, as must be done, it will be presumed that the funds thus deposited in the bank were sufficient to satisfy the judgment and execution held by the plaintiffs against the defendant Elmo Thrash Mann, Sr. Since these funds can be reached by process of garnishment, the petitioner had an adequate remedy at law, and it was not error to dismiss the equitable petition on oral motion.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1954—DECIDED OCTOBER 13, 1954.

*Rayford D. Bulloch,* for plaintiffs in error.
*W. S. Allen,* contra.