24789. BLOODWORTH, Executor, et al. v. BLOODWORTH.

ARGUED SEPTEMBER 10, 1968—DECIDED OCTOBER 10, 1968—
REHEARING DENIED NOVEMBER 7, 1968.

718

*Maurice C. Thomas, Jones, Cork, Miller & Benton, Wallace Miller, Jr.*, for appellants.

*Dickens & Hall, J. Edward Hall, G. L. Dickens, Jr.*, for appellees.

DUCKWORTH, Chief Justice. Having closely examined the relevant facts in this case we find nothing that would cause *Code* § 38-117 to have any application, and to clear the ground we, at the outset, put aside that section and the numerous cases decided thereunder as being unrelated to the case made by the averments of fact in this case. Here, we have no disputed papers, no questions as to title of the testator, and no adverse claim to any of the estate. The case is in equity, and equity will never interfere with an honest fulfillment of an obligation which transgresses no law. By the articles of partnership the deceased partner expressly obligated himself to allow the surviving partners at his death to purchase his interest in the partnership on a plainly spelled out basis, which permits of no variance; and he obligated his executors to do so in this language: "The personal representative of the deceased partner shall convey to the said partner or partners all of the interest of every kind or character of the deceased partner in and to all the partnership property." Confronted with this solemn command, the executors, no matter who they might be, would have no honorable way to meet it but by its fulfillment, which was done here, and that is the heart of the case.

There was no room for double-dealing, as the purchasers had to pay precisely what the deceased partner said should be the price. It would have been dishonest and even illegal to have repudiated the plain and voluntary obligation assumed by the deceased. This would violate the very meaning of equity. And obviously, equity should not undo a moral, legal and ethical act, which the deceased ordered to be done with his property.

We have read this record giving the tribulations as well as the increases of this business and its change from a corporation to a partnership into which three brothers and their mother entered—the friendship and trust that existed among them and the almost limitless trust the deceased reposed by his will in his brothers as executors and trustees, knowing at that time that he was obligated by the partnership agreement to have his interests therein purchased by his named executors upon the basis therein fixed. There can be no shadow of a doubt that among all of them there was a firm desire that the death of any should not be allowed to dissolve the business into which each of them had put his supreme efforts. The representative of the estate of any one of them would be legally compelled to do precisely and exactly what these two executors did, and it is unfair to even suggest that they were self-dealing, or unfaithful to the trust when they executed the expressed will of their brother-partner.

The attack upon their actions invokes the indisputable rule of law that a trustee is not allowed to bargain between himself and himself as executor. *Code* §§ 37-707, 37-708; *Sessions v. Payne & Tye*, 113 Ga. 955 (39 SE 325). The solid answer to this is that there was no room for bargaining since the terms were fixed by the Articles of Partnership. These partners would not be required by any rule of law or equity to surrender a right plainly conferred upon them by the deceased before he executed his will in which he manifested complete confidence in them solely because as executors they would in all good conscience carry out his indisputable wish and his unquestionable obligation set forth in the partnership agreement. The law is not foolish, and it cannot be "mouse-trapped" into doing an illegal thing simply because under other circumstances it would not sanction a breach of trust. The most searching examination of the matters here involved discloses not one iota of wrong, lack of good faith or actions contrary to law. The remaining brothers did not name themselves as executors. They and their deceased brother knew full well what each of them agreed to in the partnership agreement. Clothed with such knowledge, the deceased deliberately named his brothers as executors with full knowledge

that as such they would be compelled to carry out his explicit agreement that as representatives they in his behalf would convey his interest to themselves for the consideration he stipulated. Since there was no unfairness, and since the partners had an interest in the assets of the partnership, this would be an approved exception to the rule forbidding a trustee to purchase at his sale of trust property for his own benefit. *Goldin v. Smith,* 207 Ga. 734 (64 SE2d 57); *Anderson v. Miller,* 212 Ga. 477 (94 SE2d 321); Morehead v. Harris, 262 N. C. 330 (137 SE2d 174); 31 AmJur2d 188, § 389. The executors were required by law to comply with the executed contract of partnership. *Code* § 113-1525.

The decision in *Ga. Bank &c. Co. v. Hadarits,* 221 Ga. 125 (143 SE2d 627), is applicable and controlling here. There, the prior existing right to apply deposits of the debtor to his indebtedness to the bank, continued to exist while the bank held a check for collection when funds were available. Here the existing partnership agreement was binding upon the representative of a deceased partner to sell the interest of the deceased for a stated price to the surviving partners, and knowing this, the deceased executed his will naming his two brothers and partners as executors, knowing they would be called upon to sell his interest to themselves as his agreement provided.

Since the petition claimed that some of the property conveyed was not partnership property, and the answer denied this, an issue of fact was thereby made, and this alone would require judgments overruling the general demurrers to the petition and answer; hence the judgment sustaining the demurrer to the answer is reversed but affirmed as to the petition. For the reasons stated above the judgment on the merits holding the conveyances of partnership interest to be void and giving injunctive relief is reversed. Accordingly, direction is given to enter judgment decreeing that the conveyances of partnership interest of the deceased are valid, and the only issue remaining and to be decided upon a trial is whether or not any property conveyed was outside the partnership property.

*Judgment reversed in part; affirmed in part. All the Justices concur.*