26150. BLOODWORTH, Executor, et al. v. BLOODWORTH (now Middlebrooks) et al.

ARGUED OCTOBER 13, 1970—DECIDED NOVEMBER 5, 1970— REHEARING DENIED NOVEMBER 18, 1970.

*Jones, Cork, Miller & Benton, Maurice C. Thomas, Wallace Miller, Jr.,* for appellants.

*G. Lee Dickens, Jr., J. Edward Hall,* for appellees.

MOBLEY, Presiding Justice. Mrs. Florabelle Collier Bloodworth (now Middlebrooks) and others brought a petition in equity against George Albert Bloodworth and George Ernest Bloodworth, Jr., individually and as executors of Julius Logan Bloodworth (the deceased husband of Mrs. Bloodworth), seeking injunction and cancellation of deeds made by the defendants as executors of Julius Logan Bloodworth to themselves individually, purporting to convey partnership property owned by the testator, for a stated consideration, under the terms of a partnership agreement between the testator, the defendants, and their mother, Mrs. Lillie O. Bloodworth.

Judgment was entered on some of the demurrers of both the plaintiffs and the defendants, and thereafter the trial court entered judgment declaring the conveyances void, and enjoining the defendants from purchasing the interest of the testator in the partnership property.

On previous appeal of the case, this court affirmed in part and reversed in part. The headnote summarizes our holding as follows: "Where a partnership agreement obligates the representative of a deceased partner to convey his interest in the partnership to the surviving partners for named considerations, and thereafter one partner executes his will naming two of his brothers and partners as executors, such executors after qualification are not self-dealing or unfaithful to their trust as executors when they convey to themselves the interest of the deceased partner for the consideration fixed in the partnership agreement; and such conveyances are valid. But where it is alleged and denied that some property thus conveyed did not belong to the partnership, the issue thus made should be decided by a jury after hearing evidence." *Bloodworth v. Bloodworth,* 224 Ga. 717 (164 SE2d 823).

Thereafter an additional amendment was filed to the petition, and the defendants renewed their demurrers and filed an additional ground of demurrer. These demurrers were overruled on the same date that the judge entered judgment on the remittitur

of this court. In the judgment on the remittitur, the judge listed the parcels of property conveyed by the executors to themselves concerning which there is an issue as to whether it was partnership property. At a later date the judge made rulings on numerous special demurrers of the plaintiffs to the defendants' answer, sustaining a number of these. He certified these rulings for immedate review.

The defendants appealed to this court from the order sustaining demurrers to their answer, the order overruling their demurrers, and the portion of the order on remittitur which held that there were issues of fact as to whether specified parcels of property were partnership property. These rulings are enumerated as error.

■ The petition was filed prior to the effective date of the Civil Practice Act, and the trial judge entered an order holding that the sufficiency of the pleadings would be determined by demurrers under the former procedure.

In the judgment ruling on special demurrers of the plaintiffs to the defendants' answer, numerous grounds of demurrer were sustained and portions of the answer of the defendants were stricken. We consider first the main issue which was decided by the judgment.

The deeds made by the executors to themselves individually, pursuant to the partnership agreement, conveyed several separate tracts of land. In some of the deeds by which an interest was vested in the testator to these tracts of land, the grantee was designated as Cherokee Products Company. In others, the property was conveyed to "Cherokee Products Company, a partnership composed of Mrs. Lillie O. Bloodworth, G. Ernest Bloodworth, J. Logan Bloodworth, and G. Albert Bloodworth," or similar designation. Without controversy, this was partnership property. In the other deeds, the property was conveyed to the four persons composing the partnership, with nothing in the deed indicating that it was partnership property. The special demurrers of the plaintiffs contended that the defendants, as executors of the will of the testator, should not be permitted to show by extrinsic evidence that the property conveyed by these deeds was partnership property.

The trial judge in his order stated that he concluded that the former decision of this court in the case (224 Ga. 717, supra) did not decide the issue made by these demurrers; and stated further that it was his opinion that the defendant executors would not be allowed to show by evidence, not contained in the deeds, that property conveyed to the individuals comprising the partnership was actually partnership property, for the reason that: "To permit this to be done would be to allow the surviving brothers, who are the executors of their deceased brother's will, to: (1) dispute the title papers under which their testator held title to his interest in such real estate; (2) question the title of their testator; and (3) assert a title or claim to such real estate adverse to that of their testator."

We think the trial judge erred in this determination. The previous decision of this court stated that the remaining issue to be decided upon a trial "is whether or not any property conveyed was outside the partnership property." 224 Ga. 717, 720, supra. There would be no need of a trial on this issue if it should be decided as a matter of law that only that property conveyed by deeds plainly proclaiming that it was partnership property would be subject to the purchase provision in the partnership agreement.

Legal title to real property can never vest in a partnership as such; legal title is in the partners as tenants in common. *Baker v. Middlebrooks*, 81 Ga. 491, 494 (8 SE 320); *Bank of Southwestern Ga. v. McGarrah*, 120 Ga. 944, 949 (48 SE 393). Even if a deed to land is made to partners in the firm name, they nevertheless hold the land as tenants in common. *Printup Bros. & Co. v. Turner*, 65 Ga. 71 (1).

The defendants are not claiming that any property conveyed to the testator in his individual name alone was property of the partnership, or that the testator owned any smaller interest in the joint property than the undivided one-fourth interest conveyed. Whether the testator owned the property in dispute as a partner or individually, his interest was the same, an undivided one-fourth interest as a tenant in common. The defendants are not, therefore, disputing the title papers under which the testator held title, questioning their testator's title, or asserting a claim

adverse to that of their testator. They are attempting only to show that the undivided one-fourth interest which the testator held in this property as tenant in common was an undivided one-fourth interest in partnership property, and thus the subject matter of the provision in the partnership agreement that on the death of a partner, his or her partnership property could be purchased by the other partners.

The trial judge erred in sustaining those special demurrers which asserted that the defendants would be precluded from proving by evidence extrinsic to the deed under which title to the property was held that property conveyed to the four partners as tenants in common was partnership property.

(a) Several of the special demurrers which were sustained by the trial judge asserted that certain paragraphs of the answer set up a claim adverse to the estate which the defendants, as executors, were administering. The previous decision of this court (224 Ga. 717) held contrary to these assertions. Other demurrers which were sustained asserted that certain paragraphs of the answer considered alone, or in conjunction with other allegations, failed to state any defense to the petition. The previous decision of this court held that the defendants set up a good defense to the petition, and these paragraphs were germane to that defense. We have carefully considered the grounds of demurrer asserting that certain paragraphs of the answer alleged mere conclusions, were vague and indefinite, alleged irrelevant matter, or were evasive, and we have determined that these grounds are without merit.

All of the special demurrers to the answer of the defendants which were sustained by the trial judge fall within the rulings above made, and we reverse the judgment on the special demurrers as to all rulings sustaining special demurrers and striking portions of the defendants' answer.

■ The assignment of error on the overruling of the defendants' demurrers to a part of the petition, as amended, and the assignment of error on a portion of the order on the remittitur, raise the same issue. Both rulings held that an issue of fact existed as to whether Parcels 1, 2, and 5 of one of the deeds made by the defendants as executors to themselves individually, pursuant to

the partnership agreement, were partnership assets. The defendants contend that the plaintiffs are estopped to deny that this was partnership property under the principle that recitals in a deed bind the grantor and his privies in title. *Code* § 38-114.

The property involved in these assignments of error was at one time owned by Cherokee Products Company, a corporation owned by the three Bloodworth brothers. On the dissolution of this corporation on February 1, 1943, the property was conveyed by the corporation to the three brothers as tenants in common. On September 28, 1943, J. Logan Bloodworth (testator), and George Albert Bloodworth, individually and as partners in the partnership of Cherokee Products Company, deeded a one-fourth undivided interest of each grantor in this same property to their mother, Mrs. Lillie O. Bloodworth, reciting that the grantors, together with George Ernest Bloodworth, desired to form a partnership with their mother in their canning business, and desired that the assets of the partnership be equally owned by the grantors, George Ernest Bloodworth, and Mrs. Lillie O. Bloodworth.

This deed would be evidence that the property constituted assets of a partnership then in existence, known as Cherokee Products Company. The articles of partnership under which the defendants claim the right to purchase partnership property of the testator are dated January 1, 1947, and state that the partnership shall commence as of that date. It would be a question of fact as to whether the interest of the testator, acquired by him under the corporation deed made in 1943, became an asset of the partnership formed in 1947. The testator's legatees would not be estopped by the recitals in the deed of the testator executed in September, 1943, reciting that a partnership then existed, to assert that this property was not an asset of the partnership created in 1947.

The trial judge properly ruled that an issue of fact remained as to whether this was partnership property which the defendants were entitled to purchase under the articles of partnership.

*Judgment affirmed in part; reversed in part. All the Justices concur.*