27966. HAMMOND v. CHASTAIN et al.

SUBMITTED MAY 25, 1973 — DECIDED JULY 2, 1973.

*Fredericks, Jones & Wilbur, Carl Fredericks,* for appellant.

*Holcomb & McDuff, Frank D. Holcomb, Terry Willis,* for appellees.

NICHOLS, Justice. The first issue to be determined is

whether the plaintiffs were entitled to the order granted, and such issue presents the question of whether the plaintiffs need such an order to protect themselves and the partnership.

In *Bloodworth v. Bloodworth,* 226 Ga. 898, 901 (178 SE2d 198), it was held: "Legal title to real property can never vest in a partnership as such; legal title is in the partners as tenants in common. *Baker v. Middlebrooks,* 81 Ga. 491, 494 (8 SE 320); *Bank of Southwestern Ga. v. McGarrah,* 120 Ga. 944, 949 (48 SE 393). Even if a deed to land is made to partners in the firm name, they nevertheless hold the land as tenants in common. *Printup Bros. & Co. v. Turner,* 65 Ga. 71 (1)."

Language in the Uniform Limited Partnership Act, as amended (Ga. L. 1970, p. 195; Code Ann. § 75-404) permitting limited partnerships to take and hold property in the partnership name does not have the effect of changing the ownership from the partners to the partnership, but merely simplifies title transfers, etc. Had the Uniform Partnership Act been adopted in Georgia, a different rule would be applicable. See 60 AmJur2d 18, Partnership, § 88 et seq.

The limited partnership agreement vested control of the business in a majority of the general partners expressly providing that "all decisions shall be by majority agreement of the General Partners." It then provides that "any deed . . . executed on behalf of the partnership shall be signed by the General Partners on behalf of the Partnership and no other signature shall be required."

Construing these two provisions together it is apparent that a deed executed by a majority of the general partners is sufficient to evidence a conveyance and that the signature of the dissenting general partner is not necessary. The language in the partnership agreement which was executed with the formality of a deed and which included a description of the land, when properly

construed, constituted a power of attorney to a majority of the general partners to act for the partnership and a decision by a majority of the general partners to sell a tract of land evidenced by a deed executed by a majority of the general partners is sufficient to transfer title. Accordingly, since the complaint and the exhibits attached thereto showed without dispute that the relief sought was not needed to accomplish the transfer of the property to the purchaser, the entering of the temporary order was error and must be reversed. The remaining questions presented by the enumerations of error are rendered nugatory.

*Judgment reversed. All the Justices concur.*