## 36063. MORGAN GUARANTY TRUST COMPANY OF NEW YORK v. ALEXANDER EQUITIES, INC. et al.

BOWLES, Justice.

In 1973, Alexander Equities, Inc., Larry Spielberger and Stanley Slutzky entered into an agreement which they styled a Joint Venture Agreement for the purpose of acquiring, holding, managing, and improving certain real property in Gwinnett County. Though the trade name "SAS Properties" appears in the agreement, no trade name registration was ever filed. Title to the property was taken in the name of Alexander Equities and Spielberger as tenants in common with no mention of "SAS Properties" or of the joint venture in the deeds. In 1975, Spielberger assigned his right to receive any distribution from the joint venture to First National Bank of Chicago, hereinafter First Chicago. In 1979, Morgan Guaranty Trust Company became a judgment creditor of Spielberger in a matter totally unrelated to SAS Properties or the Gwinnett County property. Morgan Guaranty recorded a judgment lien on the general execution docket in Gwinnett County. Because of the recorded judgment lien, Alexander Equities has been unable to obtain title insurance for sales of part of the property. Alexander Equities brought this action seeking to clear title to the property.

Morgan Guaranty argues that its judgment lien attaches to the Gwinnett County property and that it is entitled to levy upon and sell Spielberger's interest therein. Alexander Equities and First Chicago argue that the Gwinnett property is partnership property and under Code Ann. § 75-315 is not subject to levy and sale. The trial court found that a valid joint venture existed, that the Gwinnett property was an asset of the joint venture and that therefore Morgan Guaranty's judgment lien against Spielberger individually did not attach to the property.

We reverse.

Code Ann. § 75-315 in pertinent part states, "The interest of a partner in the partnership assets may be reached by a judgment creditor by process of garnishment served on the firm, and shall not be subject to levy and sale . . ." In *All Florida Sand Unincorporated v. Lawler Construction Co.,* 209 Ga. 720 (75 SE2d 559) (1953), this court held that the purchase of partnership property *in the partnership name* was essential to bring the property under the protection of Code Ann. § 75-315. Otherwise the common-law rule that the interest of a partner in the partnership is subject to levy and sale would apply.

Alexander Equities and First Chicago question the continued vitality of *All Florida Sand* in light of two more recent cases. *Reeves v. Mann,* 211 Ga. 100 (84 SE2d 200) (1954) involved a bank account maintained only in the name of the wife but from which the husband could make withdrawals. The funds in the account were held to be partnership funds and thus subject to garnishment by the husband's judgment creditor. In *Bloodworth v. Bloodworth,* 226 Ga. 898 (178 SE2d 198) (1970), this court held that extrinsic evidence could be admitted to prove that a deed naming four individuals as grantees was in fact a deed to the partnership composed of the four individuals. Since *Reeves* did not involve real property, we need not decide either its applicability to this case or whether or not we would reach the same conclusions there reached if a similar fact situation arose today. *Bloodworth* involved real property but is a dispute between members of the partnership and a potential donee of the property in issue. Whatever the rule may be when donees lay claim to alleged partnership property, we today reaffirm *All Florida Sand* and hold that for a partnership to protect its real property from judgment creditors of the individual partners, title to that property must be taken in the partnership name. While this rule may work a hardship in this particular case on both Alexander Equities and First Chicago, both of whom have advanced money because of Spielberger's partnership interest, we believe that the rule stated is nevertheless the better rule.[1] When title to real property is placed in the name of the partnership, the question of individuals shielding assets in secret partnerships is eliminated. Deeds conveying land to individuals as tenants in common without designating any partnership interest, subject each owner's interest to levy and sale and Code Ann. § 75-315 is not applicable.

*Judgment reversed. All the Justices concur.*

---

[1] Neither party protected its interest by taking a deed to secure debt on Spielberger's interest in the real estate.

ARGUED APRIL 14, 1980 — DECIDED JUNE 24, 1980.

*King & Spalding, Walter W. Driver, Jr., B. Knox Dobbins,* for appellant.

*Alston, Miller & Gaines, Oscar N. Persons, Vickie J. Cheek, R. M. Bernhardt, James T. Perry, Harland, Cashin, Chambers & Davis, Harry Cashin, Nicholson & Meals, Penn Nicholson,* for appellees.