ALTMAN *v.* WHITAKER, administrator.

No. 12275. APRIL 12, 1938.

*Wade H. Watson,* for plaintiff. *M. E. Wood,* for defendant.

GRICE, Justice. Under the order of the court of ordinary, which was put in evidence by the plaintiff, no absolute, unconditional leave to sell and convey any of the lands of the D. C. Altman estate was granted to the administrator upon his application therefor. The order expressly stated that the agreement of the parties, made in open court, was made the judgment of the court. That agreement, as recited in the court's order, was to the effect that Mrs. Anderson, who had filed a caveat to the application of the administrator for leave to sell, would withdraw her caveat and allow the administrator to advertise for sale, not all, but certain designated lands of the estate for the purpose of paying debts; that if the lands so to be advertised failed to bring enough for that purpose, "said parties shall try to then lease and rent said property for turpentine purposes for a sufficient amount to finish paying off all of the indebtedness against said property; and if this can not be done, then it is agreed by the said Mrs. Clemon Anderson that the ordinary may then, without objection, order the sale of said lands, so that the said estate may finally be wound up." A fair interpretation of this order is, that the administrator should advertise the property, consider the bids received; and if the amounts bid met the requirements of the agreement of the parties made in open court, then the administrator would be authorized to confirm the sale or sales. The court's order contemplated that only tentative bids were to be taken, after advertisement, and that these bids were to be subject to the approval of the administrator or ordinary, or perhaps both, when considered together, before conveyances should be made.

The fact that the administrator was on the court-house grounds very shortly before this property was cried and bids received, bidding in at another sale property in no way connected with this estate, had no bearing on this alleged sale. He was not present when Mr. Wood, attorney for the administrator, auctioned this property and asked for bids. The administrator knew that he was not authorized by the court's order, based upon the agreement of the parties, to make an unconditional sale of the lands advertised. It would at most be but a tentative sale. Bids were to be taken and noted; and if they aggregated the required amount, the sale or sales were to be completed. A very natural course for the administrator to pursue under the circumstances was for him to des-

ignate his attorney to cry the property and accept tentative bids, so as to avoid the appearance of conducting an unconditional administrator's sale. The plaintiff's evidence does not show that the attorney had express authority from the administrator to make the sale, and in the absence of such evidence it will be assumed that he did not attempt to delegate to him such authority, in the face of the court's order which did not unconditionally empower the administrator himself to sell the tract of land here involved. The plaintiff failed to show what were the bids for the other parcels of land advertised and auctioned on the same day, or that, taken all together, they aggregated enough to pay off the indebtedness against the Altman estate. Good faith, as well as obedience to the court's order, made it the duty of the administrator to consider all final bids for the several tracts advertised and auctioned, before approving the sale of any. The plaintiff was not entitled to a decree for specific performance, unless the administrator was bound to make him the deed. He was not bound to execute to him the conveyance, unless there had been a purchase by him at a sale under an order from the court of ordinary. The powers of an administrator are limited; and so far as the sale of lands belonging to his intestate is concerned, his authority or lack of authority is measured by the previous judgment of the court of ordinary. The plaintiff had at least constructive notice of what the judgment of the ordinary contained. In the situation here shown, the argument and citation of authorities by counsel in their briefs, based upon the assumption that by the order of the court of ordinary the administrator was given general authority to sell, are not applicable. The court did not err in ordering a nonsuit.

*Judgment affirmed. All the Justices concur.*