In the Matter of Real Estate of George E. Wheeler, deceased.

*New Castle, Aug. 1, 1917.*

When a trustee or other fiduciary purchases at his own sale, the transaction is not void, but voidable, and until it is rendered void, or his liability is fixed, he takes and holds the legal title.

A judgment was recovered against a married woman in her lifetime and after her death her husband, as administrator, became a party to an amicable action on the judgment pursuant to which the property was sold. The husband, who had a statutory right to one-half of the land for life after the payment of her debts, became the purchaser for the amount of the judgment, costs. and taxes. Eight years later, and after the husband's death, the property was sold for the payment of his debts. *Held*, that the purchaser would not be relieved from the completion of the purchase, as there was no irregularity in the husband becoming a party to the amicable action, and he was not required to bid more than sufficient to protect himself; and the court will not relieve a bidder, when the legal title would pass subject to some alleged outstanding equities, which might or might not exist or be enforceable.

The record facts did not constitute notice to the husband's creditors, or put them on inquiry as to any defect in or cloud upon his title, and they were entitled to have the land sold for their benefit.

A purchaser of land sold for the payment of a decedent's debts under an order of the Orphans' Court is not entitled to rely on any representation as to the title made by the administrator or his counsel.

Where land sold for the payment of a decedent's debts under an order of the Orphans' Court had been purchased by the decedent at a sale under

a judgment against his deceased wife at a time when he was her administrator and also life tenant, the principle of *caveat emptor,* which is peculiarly applicable to judicial sales, might be invoked.

STATEMENT OF THE CASE.   Land of a decedent, George E. Wheeler, was sold by order of the Orphans' Court for the payment of his debts; his personal estate being insufficient for the purpose.   At the sale the purchaser paid part of the purchase money and having failed to pay the balance before the date for the return of the sale, the administrator asked that the deposit be forfeited.   Thereupon the purchaser filed his reasons for declining to take the title and pay the balance of the purchase money.

It was alleged that the property was purchased in 1908 by Lemira Wheeler, the wife of George E. Wheeler, the decedant, and the consideration in the deed to her was $1,750.   In 1887 a judgment was recovered against Lemira Wheeler, and was revived in her lifetime.   After her death in 1907, without having had children by George E. Wheeler, her husband became her administrator and in 1908 became as administrator a party to an amicable action in the Superior Court on the judgment, pursuant to which the property was sold on a *venditioni exponas* to the January term, 1909, to George E. Wheeler for a sum just sufficient to pay that judgment, costs and taxes, and on confirmation of the sale a deed was made to him by the sheriff on January 25, 1909, since which time and until he died he has been in possession of the property.

After his death the administrator of George E. Wheeler by petition to the Orphans' Court setting forth the debts of George E. Wheeler and the insufficiency of his personal estate to pay them, obtained an order for sale as above stated.

The objections were heard upon the facts stated by the purchaser in his statement of reasons respecting the title.

CURTIS, PRESIDING JUDGE, sitting.

*Artemas Smith,* for the administrator.
*Walter J. Willis,* for the purchaser.

CURTIS, P. J. The limitations on the conduct of a fiduciary respecting the purchase of the property in his control are established in Delaware as strictly as anywhere else. No person is permitted to purchase an interest in property and hold it for his own benefit, where he has a duty to perform in relation to such property which is inconsistent with the character of a purchaser on his own account and for his individual use.

In *Van Dyke v. Johns*, 1 *Del. Ch.* 93, 12 *Am. Dec.* 76, an administrator at a sale by him in 1789 of land of his decedent for the payment of debts purchased the property through another person to whom on confirmation of the sale by the Orphans' Court the land was conveyed, and by him re-conveyed to the administrator. In 1817, the heirs at law filed a bill against the administrator to have him, who still owned the property, declared a trustee for them. The court recognized the principle invoked as being "a general rule of public policy depending not upon the circumstances of the case, but upon general principles, that however honest the circumstances of any individual case may be, the general interests of justice require the purchase to be avoided in every case." In that cited case the court refused relief on two grounds: (1) Nearly thirty years' delay and acquiescence; and (2) the conclusiveness of the title by confirmation of the sale by the Orphans' Court (except on appeal) as that court had complete power to inquire into the matter.

The same strict rule was stated and applied in *Downs v. Rickards*, 4 *Del. Ch.* 416. There Rickards, who had been appointed guardian of minors after an order had been made by the Orphans' Court appointing another person trustee to sell land of the minors, purchased, through some one else, the minors' land. The sale was confirmed, Rickards being then the guardian, and a deed was made. Subsequently the minors by bill sought to establish a trust for their benefit, based on actual and constructive trust to exist, first because independent of actual fraud it was within the rule which prohibits a trustee to purchase land held by him as trustee, and second because there was also legal fraud. The disability of a trustee extends to sales conducted by others as well as to those conducted by himself.

"The principle is," as Chancellor Bates expressed it, "that one shall not act for himself in any matter with respect to which he has duties to perform or interests to protect for another. * * * The principle looks, not merely to prevent fraud in the management of the sale, but to the broader object of relieving trustees from any possible conflict between duty and self interest." Its application is of the widest and includes all persons holding fiduciary confidential relations with others respecting property, and fairness and adequacy of the price are immaterial. The court also held that the confirmation of the sale was not a bar to the equitable relief.

In the case of *Eberhardt, et al., v. Christiana Window Glass Co., et al.,* 9 *Del. Ch.* 284, 81 *Atl.* 774, the same principle was applied to a purchase of property of the company by a director of the company.

It was also urged as an objection to the title, that because George A. Wheeler was a life tenant of the property owned by his wife his purchase of the remainder at the sheriff's sale inured to the benefit of the tenants in remainder, the heirs at law of his wife. Under some circumstances a tenant for life who acquires the title under a judicial sale made to collect the debt of a prior owner, holds it for the benefit of the remaindermen as well as for his own benefit. *Co. Litt.* § 453, 267; *Washburn on Real Property,* (5th *Ed.*) 120; *Allen v. De Groodt,* 98 Mo. 159, 11 *S. W.* 240, 14 *Am. St. Rep.* 626. But it is not necessary to so hold under the facts in this case.

Assuming, however, that these principles would have been applied to a timely action by the heirs at law of Lemira Wheeler, wife of George E. Wheeler, against George E. Wheeler, and a trust set up for the benefit of the heirs at law, the question still remains whether at this time, and under the circumstances here present, the purchaser at the sale held by the administrator of George E. Wheeler can rightly refuse to take the title to the land which he bought. When a trustee, or other fiduciary, purchases at his own sale he takes the legal title and holds it until the transaction is rendered void or his liability is fixed. In other words, the transaction is not void, but voidable. 18 *Cyc.* 771. Many circumstances may exist which

would bar the heirs at law of Lemira Wheeler from a right to hold Goerge E. Wheeler to be a trustee for their benefit, such as an actual acquiescence. Again, George E. Wheeler had an interest in the land when sold by the sheriff. He had a statutory right to hold one-half of the real estate of his wife for life after the payment of her debts. There was no irregularity in his becoming a party to an amicable action upon the judgment held by McCann against Lemira Wheeler, for if the debt was due and unpaid the administrator rightly co-operated with the creditor to save costs in the procedure for the collection of the debt. Neither does it appear that there was an irregularity on the part of the administrator in the settlement of the personal property of his deceased wife. The only evidence of fraud suggested here is the inadequacy of the price for which George E. Wheeler bid in the property. But that is not shown, for he was buying land in which he had a life estate, and the value of that interest does not appear. He did not do wrong in not bidding more than was necessary to pay the encumbrance which was ahead of his interest. He had a right to bid to protect himself, and was not bound to bid more, and was certainly under no legal or equitable duty to bid up to the value of the property, if that had been in excess of the value of his own interest.

Since the purchase of the land by Wheeler the rights of third persons have intervened, viz: his creditors, for whose benefit the last sale was made. They, or at least some of them, are not necessarily chargeable with notice of any defect in or cloud upon the title which he had. The record facts do not constitute such notice, or put them on inquiry. As the personal estate of George E. Wheeler is insufficient to pay his debts, his creditors may have it sold for their benefit. The equities of the heirs at law of Lemira Wheeler, if any there be, in the proceeds of sale needed for the payment of the debts of the decedent may be adjusted even after the title has passed to the purchaser at the sale by the administrator.

The purchaser at the sale is not entitled to rely on any representation made as to the title by the administrator, or his counsel. *In re Estate of Donaghy*, 9 *Del. Ch.* 441, 80 *Atl.*

721; 11 *Ruling Case Law*, 414. While a court which authorized a judicial sale may feel justified in relieving a bidder from compliance with the terms of sale where it is clear that title to the property sold would not pass to the purchaser, still the court would not be justified in so doing when clearly the legal title would pass subject to some alleged outstanding equities which might or might not exist, or be enforceable. This present case is of the latter class. Lapse of about eight years should also be taken into consideration in this present matter.

It is also quite just in this case to invoke the principle of *caveat emptor*, which is peculiarly applicable to judicial sales. 11 *Ruling Case Law*, § 414. In *Smith v. Wildman*, 178 *Pa St.* 245, 35 *Atl.* 1047, 36 *L. R. A.* 834, 56 *Am. St. Rep.* 760, the court said that the disappointment in the title to be acquired by the sale is not ground to relieve the purchaser from compliance with the terms of sale.

Therefore, chiefly for the reason that the sale is made for the benefit of creditors of George E. Wheeler, the other considerations being also given weight, the purchaser should be required to pay the balance of the purchase money or forfeit the amount deposited at the time of the sale.