### Arnold *et al. v.* Arnold, administrator, *et al.*

Atkinson, J.　1.　"No note or memorandum in writing is necessary to charge either the administrator or purchaser at any administrator's sale." *Green* v. *Freeman,* 126 *Ga.* 274 (55 S. E. 45, 7 Ann. Cas. 1069); Civil Code, § 6071.

2.　A purchase by an administrator at his own sale of the land of his intestate is voidable at the option of the heirs at law, and it is immaterial whether the purchase is made by the administrator in his own name or through the medium of another; but an administrator who is an heir at law of his intestate, and as such has an interest in the property sold, may purchase at the sale of the property of the estate, provided he is guilty of no fraud, and the property is exposed for sale in the ordinary mode and under circumstances to command the best price. Randolph *v.* Vails, 180 Ala. 82 (60 So. 159); Wetumpka Bank *v.* Walkley, 169 Ala. 648 (53 So. 830); Calloway *v.* Gilmer, 36 Ala. 354; Wheeler's Est., 11 Del. Ch. 469 (101 Atl. 865); 24 C. J. 635, § 1591, note 62.

3.　Where an administrator employs another to bid in lands of an intestate at a sale conducted by him as such administrator, such agent being instructed by the administrator not to exceed a named price per acre, but through a misunderstanding of his instructions such agent bids off the lands at a higher price per acre, the mistake of the agent will be imputed to his principal, and will not furnish a ground for setting aside the sale on the ground of mistake.

4.　The foregoing rulings are controlling in the case, and the judge did not err in directing the verdict, upon any ground taken.

*Judgment affirmed. All the Justices concur, except Beck, P. J., dissenting.*

No. 2850.　September 19, 1922.

Equitable petition.　Before Judge Hodges.　Madison superior court.　September 5, 1921.

In December, 1918, Eli Arnold died intestate. George Arnold and William Arnold, two of the heirs at law, were appointed administrators upon his estate. After all debts were paid, two tracts of land belonging to the estate were advertised for sale by the administrators, one tract containing 78½ acres and the other 39½ acres. The sale was conducted by the sheriff as auctioneer. Elbert Williams bid off both tracts, the larger tract for William Arnold at $225 per acre, and the smaller tract for George Arnold at $250 per acre. The bidding was in pursuance of instructions from George and William that he should bid the property in for them if the price did not exceed $150 per acre; but he misunderstood the instructions, and ran the property up to the figures above stated. There was no written memorandum made of the sale, and the land was not worth the price bid for it. After the sale George Arnold,

one of the administrators, insisted on the payment of the money and consummation of the sale, and was about to sue. While the status of the matter was as stated, William Arnold, the other administrator, and Frankie Arnold and Emma Averitt, two of the remaining heirs at law, brought suit against George Arnold as administrator, and Elbert Williams, to set aside the sale as void, and for injunction against the administrators, to enjoin them from endeavoring to enforce the sale, and for other equitable relief. Demurrers to the petition were filed; and paragraph 7, which alleged that "there has never been any writing of any kind, so as to bind said sales; that they are void and should be vacated," was stricken on demurrer. The case proceeded to trial on its merits, and the judge directed a verdict as follows: "We, the jury find the following verdict in the within-named case. We find that the sales by the administrators in .question are voidable. We further find that Frankie Arnold and Emma Averitt, heirs at law of the said Eli Arnold, having asked that said sales be set aside, the same is hereby set aside as to said Frankie Arnold and Emma Averitt, so far as their right and title and interest of said heirs in said land. We further find that Chan Arnold, Emiline Arnold, Adeline Barnett, Emma Griffeth, Ambrosia Ector, Zadie Deadwyler, Frank Arnold, Addie White, Ludie Strickland, Susie Belcher, Willie and Zettie Arnold, Donie Bolden, Sanford Arnold, Mattie Arnold, Joe Arnold, Herbert Arnold, and Nettie Powers and Frank Arnold and Sam Avery, and L. G. Thompson Arnold, Hubert Arnold, Dora Jarrell, Dedrick Arnold, Jno., B. Gordon Arnold, and Wilson Arnold, heirs of Eli Arnold Sr., ask that said sale be affirmed; the same is hereby affirmed as to said heirs, so far as their right, title, and interest in said land. We further find that said administrators cannot deny the validity of said sale, nor can they disaffirm the same in their representative capacity or as an heir at law, and the same is a valid sale so far as their right, title, and interest is concerned in said land." A decree was entered in accordance with the terms of the verdict. The plaintiffs in a direct bill of exceptions assigned error as follows: " 1. The court erred in sustaining each of the demurrers as to the seventh (7) paragraph of plaintiffs' petition. Plaintiffs in error insist that while an administrator's sale is judicial in its nature, and is valid without writing, it only applies to a sale made by the administrator

himself, and bid off in person by the persons to be charged therewith. It was admitted in the case that the administrators did not *cry* the sale in question themselves, but had the sheriff of the county to cry said sale for them, and that the lands were bid off by the defendant Williams for said administrators, the said Williams acting for said administrators as purchaser; and that there was no transfer of the bid, nor any writing so as to comply with the statute of frauds. 2. The court erred in directing the verdict above set out, and thereby in effect holding that the sale could be set aside as to two of the plaintiffs, but not set aside as to the other plaintiffs and defendants, thus holding that a sale of a tract of land could be set aside in part, and not set aside in part. Plaintiffs in error insist that a voidable sale, if set aside at all, must be set aside in toto. The effect of the ruling was to deprive all of the plaintiffs of the right to have the land resold, and all the heirs share alike. 3. The court erred in directing the verdict set out, and thereby in effect ruling that the sale made and set out in the petition was binding on the plaintiff, William Arnold individually, and that as an individual he could not have the sale set aside for any reason set out in the pleadings, and for holding in effect that said William Arnold as an administrator could not deny the validity of the sale made, nor disaffirm the sale either in his individual or representative capacity. That as an heir at law, he could not have the sale declared void. That as such administrator, he could not deny the validity of the sale, nor disaffirm the sale in his representative capacity nor individually as an heir at law, and that the sale was valid so far as the administrators were concerned, as to their right, title, and interest in said lands as heirs. Plaintiffs in error insist that an administrator has the legal right to have a sale set aside that is voidable under the law, as against every person except the purchaser and his privies. Plaintiffs in error further insist that the administrator William Arnold as an individual, with the other two plaintiffs, constitute the parties plaintiff in the case, and the rights of one include the rights of all; and as such heirs at law the plaintiffs were entitled to have the sale set aside in toto. Plaintiffs in error further insist, that, whatever may be the liability of the administrators on their bonds, a voidable sale should be set aside when it was not consummated by a deed or otherwise, when any interested heirs at law

apply therefor in a reasonable time. The effect of the ruling of the court was to deprive plaintiffs of the rights thus set out. 4. The court erred in directing the verdict above set out, and thereby in effect holding that a mistake on the part of the defendant Elbert Williams, in bidding for the land as set out in the petition, could not be taken advantage of by the plaintiff William Arnold. The effect of this ruling was to deprive plaintiffs of the rights to prevent the consummation of a sale, when it appeared that a mistake had occurred in the negotiation. 5. The court erred in directing the verdict above set out, and thereby in effect holding that under the alleged facts in the petition and the admission in the argument, the sale made through the sheriff as auctioneer and bid off by Williams as purchaser was binding though not in writing, not only upon Williams, the purchaser, but upon William Arnold likewise, and upon the administrators likewise. Plaintiffs in error insist that a sale made by an administrator through an auctioneer is not controlled by the statute as to sales by administrators. That when an auctioneer sells the property, such auctioneer must make a memorandum as required by law, as to an auctioneer selling for an individual. In the absence of such memorandum by the auctioneer, the sale is not only voidable, but void, as plaintiffs insist, and the sale can be taken advantage of by any one interested; and the plaintiffs in error were deprived of the right to have the verdict set aside, in consequence of this charge. 6. The court erred in directing the verdict above set out, and the decree thereon, in that no provision is made for another sale either in the verdict or decree. Plaintiffs in error insist that the sale could not be consummated under the verdict and decree, because it has been set aside as to two plaintiffs. These plaintiffs, under the verdict and decree, would be entitled to have the land resold. There is no provision as to what part of it is to be resold, or how; and thus plaintiffs insist that their rights as heirs at law cannot be protected under the verdict and decree, and hence the same were errors."

*W. W. Stark, J. W. Arnold,* and *John J. Strickland* for plaintiffs.

*Gordon & Gordon, Clarence E. Adams, West & West,* and *Berry T. Moseley,* for defendants.