MELTON *et al. v.* PHŒNIX MUTUAL LIFE INS. CO.

"An administrator who is an heir at law of his intestate, and as such has an interest in the property sold, may purchase at the sale of the property of the estate, provided he is guilty of no fraud, and the property is exposed for sale in the ordinary mode and under circumstances to command the best price." Applying this ruling to the controlling issue in this case, the court did not err in directing a verdict finding the property subject.

No. 4842. JULY 15, 1925.

Claim. Before Judge Graham. Appling superior court. February 13, 1925.

*V. E. Padgett,* for plaintiffs in error.

*R. L. Williams Jr.* and *J. B. Moore,* contra.

BECK, P. J. · The Phœnix Mutual Life Insurance Company·re-covered a judgment against Charles W. Melton upon a promissory note. The payment of the note was secured by a deed of even date with· the note. The insurance company, after the date of the judgment, executed a deed reconveying to Charles W. Melton for the purpose of placing in him title to the land conveyed, so that the land could be levied upon and sold as his property. This deed was recorded before the levy was made. A fi. fa. based upon the judgment against Melton was levied upon the property, and a claim was interposed by G. F. Melton as agent for Edna Melton and others, deposing in the claim affidavit that the land levied upon "is not the right and property of Charles W. Melton, the defendant in fi. fa., but is the right and property of Edna Melton, J. E. Melton, W. A. Melton, Sallie Mae Bradley, Winnifred Gil-more, Nannette Gilmore Sammons, and Mrs. G. T. Melton." The issue made by the interposition of the claim came on for trial; and the claimants, admitting that the defendant in fi. fa. was in posses-sion of the property, assumed the burden of proof. After both parties had introduced evidence and closed, the court directed a verdict finding the property subject, and the claimants excepted.

The court did not err in directing a verdict in this case; the verdict directed was demanded by the evidence. Charles W. Melton, the defendant in fi. fa., was administrator upon the estate of G. T. Melton, and the claimants in this case claim as heirs at law of the last named. Charles Melton, administrator, was also an heir at law of G. T. Melton. As administrator he sold the land in con-troversy, March 5, 1906, at administrator's sale, and C. W. Deen was purchaser at the sale. The claimants themselves introduced in evidence a certified copy of the administrator's deed to C. W. Deen; copy of a warranty deed from C. W. Deen to G. W. Deen and J. M. Miles, conveying a two-thirds undivided interest in the property in dispute; also a quitclaim deed from G. W. Deen to C. W. Deen, conveying a one-third undivided interest in the land in dispute; and a certified copy of a quitclaim deed from C. W. Deen to C. W. Melton, conveying all the lands in dispute; this last deed being dated April 30, 1910. All the deeds referred to were properly executed and recorded. Even if the facts in the case show that the defendant in fi. fa. made the administrator's deed to C. W. Deen, and that this deed and other deeds introduced in evidence were

executed in compliance with an agreement that the purchaser at the administrator's sale was to convey to the administrator, in the absence of proof of fraud in the conduct of the sale the administrator's deed to Deen and Deen's deed back to the administrator were not void. Charles W. Melton was an heir at law of his intestate, and "an administrator who is an heir at law of his intestate, and as such has an interest in the property sold, may purchase at the sale of the property of the estate, provided he is guilty of no fraud, and the property is exposed for sale in the ordinary mode and under circumstances to command the best price." *Arnold* v. *Arnold,* 154 *Ga.* 195. See also Randolph *v.* Vails, 180 Ala. 82; Wetumpka Bank *v.* Walkley, 169 Ala. 648; Calloway *v.* Gilmer, 36 Ala. 354; Wheeler's Est. 11 Del. Ch. 469; 24 C. J. 635, § 1591, note 62, cited in the *Arnold* case, supra. And if the administrator who was an heir at law of the estate could purchase directly, he could purchase through another, and a conveyance to him from a third party who purchased for him would not be void nor voidable, if the administrator was guilty of no fraud and "the property was exposed for sale in the ordinary mode and under circumstances to command the best price." The purchase by an administrator at his own sale is not in itself fraud. The employment of a third person to bid in the property with the understanding that the third person will convey to the administrator is not fraud, where nothing was done to prevent the property from bringing a fair price. And it is not even hinted in the evidence in this case that anything was done by the administrator to prevent the property bringing its full value at the administrator's sale. There is a statement in the testimony of one witness that C. W. Deen did not pay any money to Mr. Melton in consideration of this sale, but there is no evidence tending to show that Melton, the administrator, did not properly account for the bid which was made at the administrator's sale. C. W. Melton was dead at the time of this trial; and in the absence of some evidence to show that he had not accounted for the proceeds of the sale, we will not assume that the amount of the bid made by the purchaser at the sale was not accounted for to the last cent. The deeds introduced in evidence show title in the defendant in fi. fa.; and in the absence of proof of fraud vitiating the deeds, or one of the deeds, in the chain of title, the

court properly decided that the land in question was subject, and directed the jury to find accordingly.

*Judgment affirmed. All the Justices concur.*