WEEKS *v.* McINVALE, administrator, *et al.*

No. 8783.   MAY 14, 1932.   REHEARING DENIED JULY 16, 1932.

*Jule W. Felton,* for plaintiff.

*R. L. Greer, John M. Greer,* and *John B. Guerry,* for defendant.

BECK, P. J.   Mrs. Berta L. Weeks brought her equitable petition against R. N. McInvale, Book Barfield, and R. N. McInvale as administrator of the estate of J. J. Jones, alleging that the administration of the estate is located in Macon County; that the administrator procured from the court of ordinary an order authorizing him as administrator to sell certain described lands as the property of the administrator's intestate; that he did advertise the land for sale in Macon County, the situs of the administration, but did not advertise it in any newspaper in the county of Taylor, the county in which the land is located; that he sold the land on the first Tuesday in January, 1931, the same being knocked off to Book Barfield, one of the defendants, at the sum of $231; that shortly after the purchaser received the deed from the administrator he sold the land to McInvale individually, took notes for the purchase-price and gave McInvale bond for title to the land; that the purchase by Barfield "was a sham and subterfuge, and that said administrator was in

truth and fact the purchaser of said lands at the administrator's sale, and that the trade between Barfield and McInvale for the purchase of said land was made and agreed upon before the sale by the administrator took place;" that "petitioner is the owner of the equitable title to said land by virtue of a parol contract between her and J. J. Jones, petitioner's father, who sold her the land for and in consideration of petitioner's deeding him her one-fourth interest in and to" certain described lands, and this contract of sale was fully and completely performed by both parties thereto. A further provision of the contract was that plaintiff's father was to use the land free of charge for and during his life; and it is averred that he did use the land until his death, being in possession thereof at the time of his death. McInvale is not an heir of J. J. Jones. The prayers are that the sale by the administrator to Book Barfield be declared null and void; that the administrator's deed be canceled; and that the sale by Barfield to McInvale be declared null and void and be set aside; and that petitioner have judgment and decree giving her possession of the land and putting the legal title in her. The defendants filed a general demurrer, which on the hearing the court sustained, and dismissed the petition.

The court did not err in sustaining the demurrer and in dismissing the case. In the argument of counsel for the plaintiff it is insisted that she is either an heir or creditor of her father, J. J. Jones, and that the sale by the administrator to Barfield, and by Barfield to the administrator, is voidable at her option. This would be true if she brought this suit as an heir of the estate or as a creditor. *Arnold* v. *Arnold,* 154 *Ga.* 195 (113 S. E. 798) ; Redfearn on Wills and Administration, 554. But this suit can not be construed as a suit by Mrs. Weeks as an heir or as a creditor. If she is a creditor, it is by virtue of the contract of sale between herself and her father. But, according to the allegation of the petition,. that was an executed contract. She conveyed certain land as a consideration for the land involved in this case. When that sale was completed, her father was not indebted to her and she was not indebted to her father. In view of the distinct allegations in the petition, this suit can not be treated as one by a creditor of the estate or by one claiming to be a creditor. And while she is an heir of her father and would inherit a part of the estate, if there be any, relatively to the land in question she is not suing as an heir to recover any part of

the estate, or to set aside a deed affecting any part of the estate, so as to place the title back in the estate or in the heirs thereof. She is suing as an individual and as the purchaser of the land in question, to which she alleges an equitable title arising out of having made full payment for the land under a contract with her father; and she stands as any other individual who is not an heir or a creditor and who brought suit basing his claim upon the facts alleged in this petition. That being true, before she can set this deed aside and have the title decreed in her, she must show that the purchaser of the land, Barfield, had notice of her equity; and notice is not alleged. It follows that the court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents, and Hines, J., absent for providential cause.*