GORMLEY, superintendent of banks, *v.* ASKEW, administrator, *et al.; et vice versa.*

Nos. 9281, 9314, 9329.   July 14, 1933.
Rehearing denied September 14, 1933.

558

*E. T. Moon, C. N. Davie,* and *J. F. Kemp,* for plaintiff.

*Duke Davis, L. L. Meadors,* and *Terrell & Terrell,* for defendants.

HILL, J. (After stating the foregoing facts.) Under the pleadings and the evidence the court was authorized to find in favor of the defendants. J. F. Askew died on May 5, 1925. The Hogansville Banking Company closed its doors on October 25, 1928. The stock assessment on the shares of bank stock belonging to the estate of J. F. Askew was issued on November 15, 1928. There was no evidence that the bank was insolvent at the death of Askew or at the time of any conveyance attacked by the superintendent as fraudulent. The estate therefore did not appear to be indebted to the bank or the superintendent as a stockholder at the time of the transactions attacked by the superintendent. The Civil Code (1910), § 3224, provides that the following acts of debtors shall be fraudulent in law against creditors and others and as to them null and void: "Every assignment or transfer by a debtor, insolvent at the time, of real or personal property, or choses in action of any description, to any person, either in trust

or for the benefit of or in behalf of creditors, where any trust or benefit is reserved to the assignor, or any person for him." It has been held that this section refers to *creditors at the time of the conveyance.* *Mitchell* v. *Langley,* 148 *Ga.* 244, 246 (96 S. E. 430). The plaintiff was not a *creditor* at the time of the issuance of the stock execution and the various disbursements made by the administrators of the estate of J. F. Askew; and therefore he has no right as a *creditor* to complain. But it is insisted that the estate of J. F. Askew was indebted to the Hogansville Banking Company in the sum of $2107.02 on a note dated February 11, 1928, and due August 11, 1928. The note was signed by "Askew's Incorporated." An examination of the record shows that in a suit brought by A. B. Mobley as superintendent of banks, in charge of the Hogansville Banking Company, against Askew's Incorporated, B. O. Askew, J. E. Askew, and Mrs. J. F. Askew, J. E. Askew testified: "My mother, brother, and myself were owners of 'Askew's Incorporated;' so we gave them a note for it ($2,-107.02) to pay the debt of my father. Settlement was made with Judge Moon on September 14, 1930, for agreed judgment on that note. Judgment was taken at that time. There has been $500 appropriated to the payment of it out of the funds of Askew's Incorporated. The money belonged to Askew's Incorporated." So it appears that the note for $2107.02 was not a claim against the estate of J. F. Askew, but was a claim against Askew's Incorporated, and that the plaintiff elected to take a judgment against Askew's Incorporated, and has made collection thereon from that corporation. The plaintiff will not now be heard to charge the estate of J. F. Askew with that debt; and the court did not err in refusing to find in favor of the plaintiff against the defendants for the amount represented by this note. The Civil Code (1910), § 4331, declares that "No suitor is entitled to prosecute two actions in the courts of this State at the same time, for the same cause, and against the same parties; . . and the pendency of the former is a good defense to the latter."

The plaintiff also insists that the purchase of certain property by the defendants at administrators' sale was fraudulent and void, because they personally bought the property from themselves as administrators at a nominal price; or, if Mrs. J. F. Askew bought at the administrators' sale, that such purchase was also

void. It has been held that "An administrator who is an heir at law of his intestate and as such has an interest in the property sold may purchase at the sale property of the estate, provided he is guilty of no fraud." *Arnold* v. *Arnold,* 154 *Ga.* 195 (113 S. E. 798). It has also been held that "The purchase by an administrator at his own sale is not a fraud in itself." *Melton* v. *Phœnix Mutual Life Ins. Co.,* 160 *Ga.* 694 (128 S. E. 900). The record does not show any evidence of fraud in the purchase of this property. It will be observed in this connection that the sales of property belonging to the estate of J. F. Askew were made in the years 1926 and 1927, that the lands were encumbered with mortgages, and that the defendants purchased only the equities in the lands sold. Subsequently a number of parcels of land so purchased by the administrators were sold to satisfy older mortgages against the land, and did not bring enough to pay off the mortgages.

It is also insisted by the plaintiff that the bank stock belonging to J. F. Askew at the time of his death in 1925 was not sold by the administrators, but was kept as an asset of the estate; that this was a fraud on the part of the administrators, and they and their surety should be held liable for the assessment on this bank stock. The administrators testified that they thought it to the best interest of the estate to hold the stock; that it was several years after the death of J. F. Askew before the bank closed its doors; that they had confidence in the soundness of the bank; that they purchased other stock of the bank at par for their individual account during the time they held the stock of J. F. Askew as administrators of his estate; and that they thought the stock in the bank was a good investment. The plaintiff failed to show any fraudulent intent on the part of the administrators in retaining this bank stock as an asset of the estate of J. F. Askew, and in failing to sell the same.

Considering the entire record, the court did not err in the judgment rendered in behalf of the defendants.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*