## GOLDIN et al. v. SMITH, administrator, et al.

WYATT, Justice.    Mrs. Grace Goldin, and Euyal Smith, individually and as next friend of his minor brother, filed their petition against George W. Smith, in which they sought to have canceled and declared void a deed executed by George W. Smith, as administrator of the estate of Mrs. Mattie Smith, to himself, conveying described realty.    The petitioners and the defendant are heirs at law of Mrs. Mattie Smith.    The trial resulted in a verdict in favor of George W. Smith, the defendant in the court below.    A motion for new trial was duly filed and overruled. The exception here is to the judgment denying a new trial.    *Held*:

1. ". . . an administrator who is an heir at law of his intestate, and as such has an interest in the property sold, may purchase at the sale of the property of the estate, provided he is guilty of no fraud, and the property is exposed for sale .in the ordinary mode and under circumstances to command the best price." *Arnold* v. *Arnold*, 154 *Ga.* 195 (113 S. E. 798).    See also *Gormley* v. *Askew*, 177 *Ga.* 554 (170 S. E. 674); *Melton* v. *Phoenix Mutual Life Ins. Co.*, 160 *Ga.* 694 (128 S. E. 900).    The jury in the instant case was authorized to find:    The property in question was offered for sale by the administrator, after being duly advertised for sale, before the courthouse at about 10:30 a. m. One of the plaintiffs in the court below was the highest bidder, and the property was knocked off to him at his bid of $6500.    Shortly thereafter he told the administrator he did not have the money with which to pay for the property.    He was then told by the administrator that unless he raised the money, the property would again be offered for sale in the afternoon.    He did not raise the money, but left town.    The jury was further authorized to find: that the property was again offered for sale at about 2:30 p. m., when the administrator's bid of $4500 was the highest bid, and the property was knocked off to him; that the property was publicly exposed for sale in front of the courthouse door with numerous persons present; that nothing was done to prevent the property from being sold for its highest value; and that, in fact, it did sell for all it was worth.    It follows, there is no merit in the general grounds of the motion for new trial.

2. The first special ground of the motion for new trial complains of the following excerpt from the charge of the court: "In the first place, the plaintiff would be entitled to recover if you believed from a preponderance of the evidence that his allegations are sufficient to support your verdict."    This was an inapt statement on the part of the trial judge.    He did, however, elsewhere in the charge fully submit to the jury the issue to be decided and the rules of law governing.    This isolated statement was not sufficient to mislead and confuse the jury.

3. The second special ground of the motion for new trial complains of the failure of the trial judge to give in charge to the jury, without request, the duties of an administrator who is a purchaser at his own sale. While the charge given was not in the exact language insisted upon by the plaintiff in error, the language in the charge did sufficiently and properly apprise the jury of the duties of an administrator in this respect.    Furthermore, there was no evidence that the administrator vio-

lated any of his duties in this respect. It follows, the judgment denying a new trial was not error.

*Judgment affirmed. All the Justices concur.*

No. 17373. MARCH 12, 1951. REHEARING DENIED MARCH 26, 1951.

*C. E. Moore,* for plaintiffs.
*Harold L. Murphy,* for defendants.