34382. ADLER *et al.* *v.* ADLER.

Decided March 14, 1953—Rehearing denied March 28, 1953.

*Robert M. Hitch, Hitch & Harrison, Connerat, Dunn, Hunter, Cubbedge & Houlihan,* for plaintiff in error.

*Jenkins & Oliver, Brannen, Clark & Hester,* contra.

SUTTON, C. J. ■ "In cases of actual controversy the respective superior courts of the State of Georgia shall have power upon petition, or other appropriate pleading, to declare rights, and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such." Code (Ann. Supp.), § 110-1101 (a). "Without limiting the generality of any of the foregoing provisions, any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, ward, next of kin, cestui que trust, in the administration of a trust or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto and a declaratory judgment:
. . (b) to direct the executor, administrator or trustee to do or abstain from doing any particular act in their fiduciary capacity, or (c) to determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." Code (Ann. Supp.), § 110-1107. The purpose of our declaratory-judgment statute is expressly declared to be "to settle and afford relief from uncertainty and insecurity with the respect to rights, status, and other legal relations, and is to be liberally construed and administered." Code (Ann. Supp.), § 110-1111. The term "actual controversy" as used in the above statute, and the terms "rights, status, and other legal relations," all relate to a justiciable controversy, and a controversy is justiciable when there are interested parties asserting adverse claims upon an accrued state of facts. *Brown v. Lawrence,* 204 *Ga.* 788 (51 S. E. 2d, 651).

Under the allegations of the petition, there exists a controversy between the plaintiff and the defendants as to the plaintiff's right to purchase the property individually from an estate of which she was one of the coexecutors. There is also a controversy between the plaintiff and the defendants as to the neces-

sity of the plaintiff's joining with the other coexecutor in the acceptance of the offer of the defendant, Sam G. Adler, to purchase the properties for a price less than the estate is able to obtain from the plaintiff individually. The petition seeks a declaratory judgment directing the executors with reference to the sale of the property in question, where the two executors fail to agree upon what action should be taken by them in the administration of the estate. It cannot be questioned but that the interests of the plaintiff and those of the defendant, Sam G. Adler, are adverse with reference to which of these parties, if either, is entitled to purchase the property from the estate under the facts alleged in the petition. We think that the allegations of the petition are sufficient to show a justiciable controversy between adverse parties in connection with the administration of the estate of Leopold Adler, deceased, and that the trial judge did not err in so holding.

■ Does the petition set out a cause of action with reference to the right of the plaintiff to enter a bid and to purchase the property from the estate of which she is one of the coexecutors? In the absence of any provision of the will restricting or enlarging the right of an executor or coexecutor to purchase property of the estate of which he is an executor, the rights of an executor under the laws of this State are very similar to those of an administrator, and it is well-settled law that an administrator who is an heir at law of his intestate, and as such has an interest in the property sold, may purchase at the sale of the property of the estate: provided he is guilty of no fraud and the property is exposed for sale in the ordinary mode and under circumstances to command the best price. *Goldin* v. *Smith,* 207 *Ga.* 734 (64 S. E. 2d, 57); *Arnold* v. *Arnold,* 154 *Ga.* 195 (113 S. E. 798); *Gormley* v. *Askew,* 177 *Ga.* 554 (170 S. E. 674); *Melton* v. *Phoenix Mutual Life Ins. Co.,* 160 *Ga.* 694 (128 S. E. 900).

It is alleged in the petition in the present case that the plaintiff is a legatee of the estate and interested to the extent of a one-fifth interest in the estate. The petition further alleges that the plaintiff made a full disclosure to all of the other legatees of all the information she had with reference to said properties, and that she is offering a greater price for the properties involved than is being offered by the defendant, Sam G. Adler,

or by anyone else. The prayers of the petition are for a judgment declaring her right to purchase the property, if she makes the highest and best offer therefor, and that the property be sold to the person making the highest and best offer for it. The petition also asks, if the court determines that the property should be sold at public outcry, that the court provide that it be sold to her if she makes the highest offer for it.

It is the duty of the executors to sell the property of the estate in such manner that it will bring the highest price possible to the estate. Although the will gives the executors power to sell the property of the estate at private sale, if the two executors cannot agree upon a private sale of the property, or if the court should find that it would be to the best interests of the estate that the property be sold at public outcry, then the superior court has the authority to enter a declaratory judgment directing the executors as to the method in which such sale should be conducted. The court likewise has the authority to determine the legal effect and construction to be placed on the various offers, counter offers, letters, and other writings involved in the administration of the estate with reference to the sale of the property in question. As coexecutor of the estate of Leopold Adler, the plaintiff has the right to petition the court for a declaratory judgment directing her as to what she and the other executor are required to do or abstain from doing with reference to the defendant Sam G. Adler's claim that he is entitled to require them to deed the property to him because of his offer to purchase and the acceptance of that offer by the defendant bank as one of the executors of the will. The plaintiff is also entitled to a declaratory judgment with reference to her right to purchase the property at private or public sale under the facts set out in the petition. While, as a general rule, a purchase by an executor or coexecutor at his or her own sale of land of the deceased testator is voidable at the option of the legatees or parties interested in the estate, such sales are not void; and an executor or coexecutor who is a legatee under the will and interested in the property sold may purchase the property: provided such executor or coexecutor is guilty of no fraud and the property is exposed for sale in the ordinary mode and under

circumstances to command the best price possible for the property sold.

■ The petition set out a cause of action against each of the defendants for a declaratory judgment, and the trial judge did not err in overruling their grounds of demurrer to the petition.

*Judgment affirmed.   Felton and Worrill, JJ., concur.*