19367. ANDERSON *v.* MILLER, Next Friend.

CANDLER, Justice. Mrs. O. C. Anderson, a resident of Bulloch County, died intestate leaving as her only heirs at law O. C. Anderson, her husband, and Thomas Morgan Anderson, a minor son. O. C. Anderson was appointed and qualified as administrator of her estate, and he also qualified as guardian of Thomas Morgan Anderson. He applied for and was granted leave by the Court of Ordinary of Bulloch County to sell at public outcry certain realty belonging to his intestate's estate. After proper advertisement, he exposed it for sale at the courthouse door in Bulloch County, during the legal hours of sale, on the first Tuesday in November, 1955. He was the only bidder and it was knocked off to him on his bid of $5,000. Mrs. Jessie Wynn Miller, as next friend of Thomas Morgan Anderson, brought a suit against O. C. Anderson to cancel the deed which he, as administrator, made to himself individually on November 1, 1955, and for certain injunctive relief. In addition to the facts stated above, her amended petition alleges that the property sold and purchased by the defendant was reasonably worth $10,000; that other property was publicly sold before the courthouse door of Bulloch County on the day the property here involved was sold; that the defendant waited until the "crowd" dispersed before offering it for sale; that no one was present when it was sold except the defendant and his attorney; and that a sale of the property under these circumstances was a legal fraud on the defendant's ward, an heir of the intestate. A general demurrer interposed to the amended petition was overruled, and the exception is to that judgment. *Held:*

1. An administrator who, as in this case, is an heir at law of his intestate, and as such has an interest in property being sold by him as such representative, may purchase at a sale of it, provided he is guilty of no fraud, and it is exposed for sale in the ordinary mode and under circumstances to command the best price obtainable. See *Arnold* v. *Arnold,* 154 *Ga.* 195 (2) (113 S. E. 798); *Thompson* v. *Thompson,* 157 *Ga.* 377 (121 S. E. 225); *Melton* v. *Phoenix Mutual Life Ins. Co.,* 160 *Ga.* 694 (128 S. E. 900); *Goldin* v. *Smith,* 207 *Ga.* 734 (1) (64 S. E. 2d 57).

2. While the amended petition alleges that the defendant, as administrator, exposed his intestate's property for sale during the legal hours of sale, yet it shows that he intentionally selected a time for the sale, sold the property and personally purchased it when no one was present at the place he was required to sell except himself and his attorney. Hence, the amended petition sufficiently alleges that his sale of the property was not conducted under circumstances to command the best price, but to the

478

contrary for an amount equal to only one half of its true value. And the rule which requires an administrator who purchases at his own sale to conduct it under circumstances to command the best price obtainable is especially applicable in this case, since the minor involved is not only an heir of the intestate, but also the defendant's ward.

3. Since the amended petition stated a cause of action for the relief sought, the trial judge did not err, as contended, in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1956—DECIDED JULY 10, 1956.

*Wm. J. Neville, W. G. Neville,* for plaintiff in error.
*Fred T. Lanier, Robert S. Lanier,* contra.