20481. HALL *et al.* v. WHITE, Administrator, *et al.*

CANDLER, Justice. Allo Hall and eight others filed a suit in the Superior Court of Richmond County against Henry L. White and Daisy S. White. They prayed for the cancellation of a deed which the former, as administrator of the estate of Annie R. White, made to the latter on August 5, 1958. In substance, the original petition alleges: The defendants are husband and wife, and that relationship existed when the deed sought to be canceled was executed. The plaintiffs are the children of the deceased Annie R. White—the issue of a marriage prior to the last one entered into with the defendant Henry L. White. Pursuant to an order of the Court of Ordinary of Richmond County granting him leave to sell, and after proper advertisement, the defendant Henry L. White, as administrator of Annie R. White's estate, exposed to sale at public outcry, on a regular sale day during the legal hours of sale at the place fixed by law for such sales, certain realty belonging to her estate and it was knocked off to the defendant Daisy S. White and conveyed to her by him, as such administrator, at and for her bid of $600. The property in question was at the time of such sale reasonably worth $2,000, and it was the legal duty of the defendant administrator to withdraw it from sale when it became apparent that the highest bid received therefor was grossly inadequate and far less than its fair and reasonable market value. The de-

fendants jointly demurred to the petition on the ground that its allegations were insufficient to state a cause of action for the relief sought. They also demurred specially to it on several grounds. By amendment, the plaintiffs sought to relieve their petition of the deficiencies pointed out by the grounds of special demurrer. The defendants renewed their demurrers to the amended petition, and demurred to some of its allegations on further special grounds. The plaintiffs then amended their petition further by alleging that the defendants during the sale "chilled the bidding" by requesting various persons attending the sale as prospective purchasers not to bid on the property being sold. The demurrers previously interposed were renewed and urged to the petition as finally amended, and the exception is to a judgment sustaining them and dismissing the petition as amended. *Held:*

1. As a general rule, an administrator cannot bid at his sale of property belonging to his intestate's estate, and this rule applies to the administrator's wife just as it does to him. Code (Ann.) § 113-1702; *Reed* v. *Aubrey,* 91 *Ga.* 435 (17 S. E. 1022, 44 Am. St. Rep. 49); *Thomas* v. *Couch,* 171 *Ga.* 602 (156 S. E. 206); *Toombs* v. *Hilliard,* 209 *Ga.* 755 (75 S. E. 2d 801). But where the administrator is an heir at law of his intestate, and as such has an interest in the property he is selling as such representative, he or his wife may purchase at his sale of it, provided he is guilty of no fraud, and it is exposed for sale in the ordinary mode and under circumstances to command the best price obtainable. *Anderson* v. *Miller,* 212 *Ga.* 477 (1) (94 S. E. 2d 321), and the several cases there cited.

2. An administrator not only has a right to withdraw his intestate's property from sale, but it is his legal duty to do so when it becomes apparent to him that it is about to be sacrificed for want of a bid commensurate with its true market value; and this is true since nothing can be tolerated which comes into conflict or competition with the interest or welfare of those interested in the estate. *Lowery* v. *Idelson,* 117 *Ga.* 778 (45 S. E. 51).

3. In the present case the amended petition alleges that the property here involved was, at the time of its sale, reasonably worth $2,000; and that the intestate's administrator sold it to his wife for $600, knowing at the time that her bid was for an amount far less than its fair and reasonable market value.

Treating this allegation to be true, as we must do for all purposes on the general demurrer, we hold that it was the legal duty of the administrator to have withdrawn the property from sale and not to have knocked it off to his wife—the highest bidder. *Lowery* v. *Idelson,* supra. The amended petition also alleges that the defendants, while the property was being exposed for sale, requested various persons attending the sale as prospective purchasers not to bid on it. In these circumstances, it cannot be held that the intestate's property was exposed for sale under circumstances to command the best price obtainable. Where the administrator, or his wife, is the purchaser of property in which he, as an heir at law, has an interest, his sale of it to either will be upheld only when the sale is conducted legally and with absolute fairness to the intestate's other heirs at law, and when the amount bid is an adequate price for the property sold.

4. As finally amended, the petition stated a cause of action for the relief sought and its deficiencies as to form were fully corrected. This being true, it was subject neither to general demurrer nor to any of the special demurrers. Hence the trial judge erred in dismissing the petition.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 11, 1959—DECIDED JUNE 5, 1959.

*Isaac S. Peebles, Jr., Jay M. Sawilowsky,* for plaintiffs in error.
*Boller & Yow, D. Field Yow,* contra.