29023. ADAMSON et al. v. JAMES et. al.

SUBMITTED JULY 12, 1974 — DECIDED OCTOBER 29, 1974.

*Watson, Brown & Foster, John L. Watson, Jr., Robert E. Keller, Dillard, Dillard & Shearer, George P. Dillard,*

for appellants.

*A. J. Welch, Jr.,* for appellees.

*Paul H. Anderson,* amicus curiae.

GRICE, Chief Justice.

This appeal by four heirs of the estate of L. M. Adamson, Sr., two of whom are co-administrators, is from a judgment of the Superior Court of Clayton County obtained by four other heirs of the estate.

The complaint alleged in essence: that the order for sale by the court of ordinary of described property of the estate, and the terms announced at the public sale, provided for 29% cash with the balance evidenced by a note bearing interest at 8% per annum, duly secured by a deed to secure debt, to be paid in five equal annual instalments, and allowed no prepayment to be made prior to August 30, 1974; that on February 5, 1974, the administrators offered for sale four tracts which were sold for stated prices to the defendants; and that on the succeeding day the administrators executed deeds conveying the tracts sold, but they have not complied with the terms of the order permitting the sale, in that they have failed to execute properly drawn administrators' deeds, to collect the 29% down payments, and to obtain notes and deeds to secure debt.

By amendment to the complaint it was alleged as follows: that another tract which was offered for sale by the administrators on February 5, 1974, was sold for $5,100 per acre, which was $900 per acre less than the appraised value of the property; and that this sale was contrary to an order of a Judge of the Superior Court of DeKalb County requiring the administrators not to sell any of the property for less than the value as appraised at the instance of the administrators in September, 1973.

The Judge of the Superior Court of Clayton County heard the matter without a jury, and entered an order requiring the following: that the administrators' deeds be corrected to conform to the orders of sale granted by the court of ordinary to recite the total sales price of the property as the consideration thereof, and to state who the highest bidders were at the sale; that the administrators pay all transfer taxes on the sale of the

property; that the purchasers pay to the administrators 29% of the purchase price for each tract in cash immediately; that the purchasers execute notes in conformity with the order for sale; that the purchasers immediately execute properly drawn security deeds securing the balance of the purchase price, containing release provisions in conformity with the order for sale; and the administrators record the security deeds immediately thereafter. The order further provided that the sale of the tract described in the amended complaint is voidable, but can be approved upon the purchasers paying to the administrators an additional $900 per acre within twenty days from the date of the order, and complying with the provisions of the order for sale.

■ The appellants (defendants) contend that the superior court had no equity jurisdiction of the case because the Court of Ordinary of Clayton County has jurisdiction over "claims" in an estate, as provided in Code § 113-1706 (as amended by Ga. L. 1951, p. 476; Ga. L. 1958, pp. 657, 671).

The appellees (plaintiffs) in their complaint made no claim to the property of the estate. Paragraph 10 of their complaint alleged that the *defendants* have a claim in the property described.

The plaintiffs did not attack, nor attempt to set aside, the order of the court of ordinary authorizing the sale of property. Their action was brought to require the reformation of deeds to comply with the order of sale. Such an action can be maintained only in equity.

■ In a brief of the defendants it is contended that the trial judge was without jurisdiction to enter the order complained of because two of the heirs of the estate of L. M. Adamson, Sr., were not named as parties to the action.

This question was not made in the trial court. The defendants made no motion to have additional parties made as provided by Code Ann. § 81A-112 (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693) and Code Ann. § 81A-119 (Ga. L. 1966, pp. 609, 630; 1972, pp. 689, 694).

All of the parties to the administrators' deeds were parties to the action, and therefore all indispensable parties for the reformation of the deeds were parties to

the case.

There is no merit in this contention.

■ When the administrators sold the described property of the estate at public outcry, the successful bidders were four of the heirs, two of whom are the administrators. They bought all of the tracts jointly.

The deeds of the administrators did not show the prices bid, but recited that the deeds were made "in consideration of the distribution and division in kind of the estate of L. M. Adamson, Sr." No notes and security deeds were executed, and the amounts of the bids were charged as a cash transaction against the shares of the heirs in the funds of the estate.

The plaintiffs assert that by treating the sales as cash transactions, the other heirs were deprived of the 8% interest specified in the order of sale on the substantial prices bid at the sale, from the date of the sale until the time prepayment was allowed; and that the credit method of sale ordered by the court of ordinary would result in a tax advantage to the estate.

The defendants insist that an administrator has an unlimited discretion in determining whether to demand cash or extend credit when selling property of an estate, under Code Ann. § 113-1703 (Ga. L. 1958, pp. 657, 670).

The defendants assert that the decision in *Adamson v. Petty,* 230 Ga. 87 (195 SE2d 436), is determinative of the issue that the court of ordinary had no jurisdiction to require the administrators to accept terms or credit for the sale of the property.

The case of *Adamson v. Petty,* supra, involved the same estate in litigation here. The administrators brought that action seeking a declaration of the validity of a sale made in 1971 of a tract of land belonging to the estate. While the decision held that there "is no specific requirement that an order granting leave to sell specify the terms of sale," citing Code § 113-1706 (as amended by Ga. L. 1951, p. 476; Ga. L. 1958, pp. 657, 671), no ruling was made that the court of ordinary had no jurisdiction to specify terms. In that case the property was sold to an innocent purchaser "in substantial compliance with the advertised terms of sale as modified by announcement at the time of public sale. . ."

"An administrator who . . . is an heir at law of his intestate, and as such has an interest in property being sold by him as such representative, may purchase at a sale of it, provided he is guilty of no fraud, and it is exposed for sale in the ordinary mode and under circumstances to command the best price obtainable . . ." *Anderson v. Miller,* 212 Ga. 477 (1) (94 SE2d 321).

In the present case the administrators petitioned the court of ordinary for an order of sale on credit terms, with no prepayment to be allowed prior to August 30, 1974; the ordinary granted leave to sell on these terms; these terms were included in the advertisement of sale; and these terms were announced by the administrators at the sale. After the administrators were successful bidders at their own sale, they cannot change the terms of sale in order to obtain an advantage to themselves, to the detriment of the heirs at law.

The trial judge did not err in requiring the administrators and other heirs to whom they sold at public sale to abide by the terms of sale provided by the court of ordinary and announced by the administrators at the sale.

■ It is contended that the trial judge erred in holding the sale of one tract voidable, with the right to have the sale approved upon the purchasers paying an additional $900 per acre within 20 days from the order, and complying with other terms of the order.

The defendants assert that to require the administrators to agree on a pre-arranged price, when the terms of the public sale specify that the land is to be sold to the highest bidder, contravenes public policy. They cite *Cummings v. Johnson,* 218 Ga. 559 (5) (129 SE2d 762), which holds: "An agreement by an administratrix to make a conveyance upon stipulated terms is contrary to public policy and unenforceable."

This ruling in *Cummings v. Johnson,* supra, referred to a private contract between an administratrix and a proposed purchaser.

It is the duty of an administrator to sell the property of his intestate for an adequate price, and to withdraw it from sale when it becomes apparent to him that it is about to be sacrificed for want of a bid commensurate

with its true market value. *Hall v. White,* 215 Ga. 144 (2) (109 SE2d 516).

It appeared from the evidence in the present case that the administrators were required by an injunctive order not to sell the property of the estate at less than stated appraised values. The sale was thus made subject to the provisions of this order. *Altman v. Whitaker,* 186 Ga. 85, 90 (196 SE 717).

The trial judge did not err in holding the sale of one tract of the land voidable which did not bring the appraised value.

It was not error to allow the purchasers to have the sale confirmed on the condition that they pay an additional price in accordance with the injunctive order. Compare *Cromer v. Cromer,* 222 Ga. 365, 368 (149 SE2d 804).

*Judgment affirmed. All the Justices concur.*