## 29563. STANLEY v. WHITMIRE et al.

JORDAN, Justice.

Norma Whitmire Stanley appeals from a judgment denying her specific performance and other relief in her action against the executors of her father's estate. The case was submitted on an agreed statement of facts.

The will of Ferd Nelson Whitmire appointed his two sons, Joe F. Whitmire and John N. Whitmire, as executors. The testator's property was given equally to his children.

On November 12, 1973, the attorney representing the executors mailed a letter to each of the heirs, except the executors, which stated in part as follows: "They [the executors] have concluded that the most equitable way to sell the estate's real property will be for each of the heirs at law of said deceased who may wish, to submit a written sealed bid on each of the three tracts of land belonging to said estate or if you desire to submit one such bid on all three tracts of land at one sum or price bid you may do so. The person or persons submitting the highest bid or bids either severally or collectively will be considered by the executors as purchasers of the real estate belonging to

said estate."

On November 30, 1973, the executors opened the bids, prepared a written compilation of the bids, and in the presence of all of the heirs who submitted bids, or their representatives, announced that the following bids constituted the highest bids submitted and would be considered as the purchasers of the property, tracts 1 and 2, Mrs. Norma Stanley, and tract 3, Mrs. Nelda Daniel. The total of these bids was $75,503. The second highest bid was that of Mrs. Ruth Rogers and Ralph Rogers, which was $75,101 for all three tracts.

The agreed statement of facts stipulated that: "Following the written compilation of said bids and the announcement of the high bids submitted, a discussion among the executors, the attorney for the executors, and Ralph E. Rogers occurred concerning the possibility of either Mrs. Daniel or Mrs. Stanley 'withdrawing her bid' and whether or not Mrs. Ruth Rogers would be considered the highest bid in such event. The attorney for the executors stated his opinion that in such event Mrs. Rogers would have the highest bid submitted. It was further announced by the defendants [executors] to those present that it was the intention of the executors to close the sale and execute and deliver deeds to Mrs. Stanley and Mrs. Daniel simultaneously at a time and date to be decided by the attorney for the executors later when preparation of the necessary documents had been completed."

On December 3, 1973, Mrs. Nelda W. Daniel and Grady R. Daniel wrote the executors that they were withdrawing their bid. On December 13, 1973, the executors notified Mrs. Stanley and Mrs. Ruth Rogers that it was their intention to convey the three tracts to Mrs. Ruth Rogers and Ralph Rogers for $75,101.

Thereafter Mrs. Stanley brought her action against the executors seeking injunction, a declaration that she is the purchaser of tracts 1 and 2, and specific performance as to these two tracts.

Mrs. Ruth Rogers intervened, claiming that she was entitled to have the property conveyed to her.

The trial judge entered an order denying the relief prayed by Mrs. Stanley. He further held that Mrs. Rogers

was entitled to have the three tracts conveyed to her on her bid.

It is the contention of the appellant (Mrs. Stanley) that the letter from the attorney for the executors inviting the submission of sealed bids amounted to an offer without reservation to sell the property to the highest bidder, and that the offer could not be withdrawn after the bids had been made, and the highest bidders announced.

Where the representative of a decedent's estate has authority to make a sale of real estate at public auction, a contract of purchase and sale is completed upon the fall of the auctioneer's hammer at a properly conducted sale, and specific performance of the contract of sale will be decreed. *Smith v. Tippins,* 207 Ga. 262, 269 (61 SE2d 138), and cases cited. However, at such a public sale it is the duty of the representative of the estate to withdraw the property from sale prior to the fall of the hammer where it is manifest that the property is about to be sacrificed at a grossly inadequate price. *Hall v. White,* 215 Ga. 144 (2) (109 SE2d 516).

The executors in the present case were given authority under the will to sell the property at private sale without order of court, for such price as to them seemed best. The bid of the appellant was adequate under the appraised value of the property by an independent appraiser.

The procedure of the executors in making a written invitation to submit sealed bids, without reservation, opening the bids in the presence of the bidders, preparing a written compilation of the bids, and announcing the highest bidders, was analogous to a public sale, and the announcement of the successful bidders was equivalent to the "fall of the auctioneer's hammer" at a public sale.

The subsequent conversation between the attorney for the executors and the second highest bidder concerning the effect of a withdrawal of the bid of either successful bidder could not have the effect of attaching conditions to the acceptance of the bids which had already been unequivocally accepted.

The stipulation by the parties that it was the "express desire of all the heirs to allow the property . . . to remain in the family," would not authorize the executors

to refuse to perform the contract they had made with the appellant.

The trial judge erred in holding that the executors did not make a binding contract with the appellant by an unqualified acceptance of her bid, and that she was not entitled to specific performance.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED FEBRUARY 11, 1975.

*Robinson, Harben & Armstrong, Sam S. Harben, Jr.,* for appellant.

*Perry S. Oliver, Rich, Bass, Kidd & Witcher, Casper Rich,* for appellees.