36021. AMERICAN CENTURY MORTGAGE INVESTORS et al. v. BANKAMERICA REALTY INVESTORS et al.

MARSHALL, Justice.

This is a suit for declaratory judgment and injunctive relief brought by Bankamerica Realty Investors (BARI) against American Century Mortgage Investors (ACMI).

BARI, a California real estate investment trust (reit), and ACMI, a Massachusetts business trust, entered into an agreement to lend money to the developers of a real estate project, referred to as the Fairington project. BARI furnished 75% of the funds used to make the loan, and ACMI furnished 25% of the funds. Under the parties' joint loan agreement, BARI is made the administrator of the loan. Paragraph 6.02 of the agreement, which is in issue in this case, provides, in pertinent part: "Should the Administrator acquire title to any Security, either through foreclosure, sale or acceptance of a deed in lieu of foreclosure, the Administrator shall, despite the apparent ownership of such Security in the Administrator on the public records, actually hold an undivided interest in trust for the benefit of the other party in the same proportion as the other party's interest in the Loan. The disposition of such Security acquired by

the Administrator shall, however, be under the control of BARI as the owner of the majority interest in the Loan."

In its complaint, BARI states that the developers of the Fairington project defaulted on the loan, and BARI acquired title to the Fairington project property by bidding the property in at the foreclosure sale; BARI has obtained certain investors who have experienced a "strong interest" in purchasing the property; however, BARI and ACMI cannot agree on a price at which to sell the property, and certain activities engaged in by ACMI have frustrated BARI's efforts to market the property. BARI seeks a declaratory judgment that it has the right to sell the property without ACMI's prior consent or approval, and BARI also seeks to enjoin ACMI from engaging in its efforts to prevent the sale.

ACMI has filed an answer and counterclaim in which it argues that BARI does not have the absolute right to unilaterally control disposition of the Fairington project property. ACMI alleges that at the time the Fairington project developers defaulted on ACMI's and BARI's loan to them, ACMI was persuaded by BARI to have the property bid in at the foreclosure sale, and not pursue a deficiency judgment, on the condition that the parties take other property from the developers known as the "Information Center" in consideration for a reduction of the developer's indebtedness. ACMI maintains that it subsequently agreed to engage in the initial efforts to market the Fairington project, based on representations by BARI that it would not "do anything with the property that ACMI would disagree with." It is ACMI's position that, because it expended time and money based on the foregoing representation, BARI cannot now sell the property without ACMI's consent and approval.

It is undisputed that, after there arose differences between BARI and ACMI concerning the marketing of the property, BARI informed ACMI by letter of its intention to rely on its right to control disposition of the property under Paragraph 6.02.

The trial court granted BARI's motion for summary judgment and entered a declaratory judgment and permanent injunction as requested in the complaint. ACMI appeals.

1. In this case, we are presented with a situation in which the plaintiff, BARI, has legal title to the subject property, but the defendant, ACMI, has an equitable interest therein. The parties are unable to agree on a course of action to be taken with reference to a proposed sale of the property to a third party. Because of this controversy, the plaintiff needs a declaration of its rights in selling the property, not only to relieve the plaintiff from the risk of taking future undirected actions toward that end, but also in order to render the property marketable. We thus conclude that the

complaint states a claim for relief as a declaratory judgment action. See *Adler v. Adler*, 87 Ga. App. 842 (75 SE2d 578) (1953). See generally Ga. Prac. & Proc. 563, § 29-1 et seq. (4th Ed.); *Pinkard v. Mendel*, 216 Ga. 487 (117 SE2d 336) (1960). Cf. *Stolaman v. Stolaman*, 220 Ga. 799 (142 SE2d 70) (1965). The court in this declaratory judgment action was authorized to award the injunctive relief to the plaintiff under Code § 110-1102(a).

2. However, we do hold that the trial court erred in granting BARI's motion for summary judgment, because ACMI has raised issues of fact which should be submitted to a jury. Code Ann. § 110-1103. *Mayor &c. of Savannah v. Moses &c. Corp.*, 91 Ga. App. 32 (84 SE2d 488) (1954).

Under the parties' written agreement, disposition of the foreclosed property (security) is under the control of BARI. However, ACMI has raised an issue of fact as to whether this written contract has been modified by a subsequent oral agreement supported by adequate consideration, to wit, the money expended and the time spent by ACMI in attempting to sell the property after BARI and ACMI allegedly agreed that BARI would not do anything with the property disagreeable to ACMI.

Although parol evidence of a prior or contemporaneous oral agreement is generally inadmissible to contradict or vary the terms of a valid written contract (Code § 38-501; Code Ann. § 20-704(1); *Dolanson Co. v. C. & S. Nat. Bank*, 242 Ga. 681 (1) (251 SE2d 274) (1978)), a subsequent oral agreement may be proved by parol evidence if such agreement is supported by adequate consideration. Code § 38-507; *Guthrie v. Rowan*, 34 Ga. App. 671 (2) (131 SE 93) (1925). "Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom it is made, is sufficient consideration . . ." *Tompkins v. Philips*, 12 Ga. 52 (1) (1852); Code § 20-302.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 12, 1980 — DECIDED MAY 20, 1980 —
REHEARING DENIED JUNE 17, 1980.

*Rogers & Hardin, C. B. Rogers, John J. Almond*, for appellants.
*Scoggins, Ivy, Goodman, Weiss & Bost, Charles H. Ivy, William L. Bost, Jr., Kenneth M. Weiss*, for appellees.